

# ARCHER, BYINGTON, GLENNON & LEVINE LLP

**ROBERT M. ARCHER\***
**JOHN H. BYINGTON III**
**MARTY GLENNON**
**JULES B. LEVINE (1932-2012)**
**GARY A. THAYER**
**JAMES W. VERSOCKI**
**RICHARD S. CORENTHAL**

......................

**MATTHEW HROMADKA**
**PAUL K. BROWN**
**JENNY LAM**

......................

\* Partner emeritus-retired

ONE HUNTINGTON QUADRANGLE, SUITE 4C10
P.O. BOX 9064
MELVILLE, NY 11747-9064

PHONE:    (631) 249-6565
FACSIMILE:    (631) 777-6906

WWW.ABGLLAW.COM
INFO@ABGLLAW.COM

NEW YORK CITY ADDRESS:

1430 BROADWAY, SUITE 1107
NEW YORK, NY 10018

July 13, 2021

*By CM/ECF*
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:    *Alterescu v. New York City Department Of Education, et al*
       Case No. 1:21-cv-00925-KPF
       Our File No. 25324.0007

Dear Judge Failla:

This firm represents Defendant United Federation of Teachers ("UFT") in the above matter. Pursuant to Rule 4 of Your Honor's Individual Rules, this letter constitutes the UFT's pre-motion submission regarding the UFT's anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant Department of Education consents to the UFT's proposed motion to dismiss. Plaintiff Felicia Alterescu opposes the proposed motion.

Plaintiff was formerly employed by Defendant Department of Education as a teacher, where Plaintiff had a significant disciplinary history, involving chronic absenteeism and delinquency. After a disciplinary hearing in March and April of 2018, Arbitrator Mary J. O'Connell issued an Opinion and Award dated June 1, 2018 (the "Award") terminating Plaintiff's employment with the Department of Education. Plaintiff commenced a proceeding to vacate the Award in Supreme Court, New York County, which was dismissed by Decision and Order dated February 25, 2019, by the Supreme Court (Hon. John J. Kelly, J.S.C.), and the Award was confirmed.

Several years after her termination, on November 23, 2020, Plaintiff commenced the instant action in Supreme Court, New York County, by summons and notice, raising a smorgasbord of disconnected legal conclusions against the Department of Education and the UFT, her former labor union. Upon Plaintiff finally serving her Complaint on June 4, 2021, Plaintiff's sole factual allegation made against the UFT arises from her dissatisfaction with the representation of her attorney, provided through the UFT's statewide affiliate, New York State United

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
July 13, 2021
Page 2

Teachers ("NYSUT"), at her disciplinary hearing in 2018, stemming from her attorney's refusal to take an incorrect legal position.

The Complaint must be dismissed as to the UFT on the following grounds:

First, Plaintiff's apparent dissatisfaction with sound legal counsel during her disciplinary hearing in 2018 fails to state a claim for breach of the duty of fair representation—the only duty the UFT owes its members, because: (i) there is no factual allegation of any conduct that is discriminatory, arbitrary, or taken in bad faith, and a union is not obligated to pursue employees' complaints regardless of their merit; (ii) the specific defense Plaintiff alleges her NYSUT attorney refused to raise is based on a misunderstanding of N.Y. Educ. Law §§ 3020-a, 2590-h, and 2590-f, recently interpreted by this Court and "numerous state courts" as "giving the Chancellor the authority to delegate the process of preferring charges against tenured teachers [employed by the Department of Education] to the District Superintendent, who in turn may delegate that authority to local school principals," *Green v. Dep't of Educ. of N.Y.C.*, No. 18 CIV. 10817 (AT) (GWG), 2019 BL 283105, *5-6 (S.D.N.Y. July 31, 2019) (citations omitted) (bracketed text supplied); and (iii) any claim for breach of the duty of fair representation is untimely, pursuant the applicable four-month statute of limitations.

Second, the Complaint fails to state a constitutional claim, because (i) unions are generally not considered state actors; (ii) there is no factual allegation that the UFT took any action, let alone conspired with the Department of Education, to deprive Plaintiff of any constitutional right; and (iii) there is no underlying violation of any constitutional right, including to procedural due process, as Plaintiff alleges that she received written notice of the charges against her, participated in a full-blown Educ. Law § 3020-a hearing, and availed herself of review procedures pursuant to Article 75 of the New York Civil Practice Law and Rules ("CPLR").

Third, the remaining state law claims referenced in the Complaint must also be dismissed, because (i) the Complaint fails to plead necessary elements of each claim; (ii) the Complaint fails to plead sufficient facts pursuant to *Martin v. Curran*, 303 N.Y. 276 (1951) to demonstrate ratification by the UFT of allegedly tortious conduct; (iii) any claim for intentional infliction of emotional distress is time barred; and (iv) even if the Complaint alleged a breach of any term of the relevant collective bargaining agreement ("CBA") between the UFT and the DOE—which it does not—Plaintiff would not have standing to bring a breach of contract action alleging a breach of that CBA, to which she is not a party.

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
July 13, 2021
Page 3

Fourth, Plaintiff is precluded from challenging factual or legal findings made by the Arbitrator and confirmed by the Supreme Court.

Consequently, the UFT respectfully seeks leave to move to dismiss the Complaint as to the UFT pursuant to FRCP 12(b)(6). Due to the above-described deficiencies in the Complaint, the UFT respectfully submits that a pre-motion conference is unlikely to be a productive use of the Court's time and respectfully requests that the Court set a briefing schedule for the UFT's anticipated motion to dismiss, or, in the alternative, grant leave to the parties to set their own briefing schedule.

Thank you for your consideration.

                                    Respectfully submitted,

                                    /s/ *Paul K. Brown*
                                    Paul K. Brown

cc:    Counsel of Record (by CM/ECF)
        failla_nysdchambers@nysd.uscourts.gov

775127