

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LAWRENCE J. PROFETA**
*Assistant Corporation Counsel*
Phone: (212) 356-2630
Lprofeta@law.nyc.gov

July 15, 2021

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge,
Southern District of New York
40 Foley Square
New York, New York 10007

                Re:        <u>Alterescu v. New York City Department of Education et. al,</u>
                              21-cv-00925-KPF

Dear Judge Failla:

       I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, attorney for defendants New York City Department of Education ("DOE") and Richard Carranza (collectively "DOE Defendants"). I write to respectfully request a pre-motion conference regarding the DOE Defendants' intention to move to dismiss the Amended Complaint. From what I understand, Defendant United Federation of Teachers ("UFT") will also be seeking a pre-motion conference with respect to their anticipated motion to dismiss.

**Summary of Plaintiff's Amended Complaint and Defendants' Proposed Motion**

       The Amended Complaint (ECF Dkt. No. 12) purports to allege claims under the Fourteenth Amendment for denial of Due Process, under the First Amendment on a Stigma Plus theory, "and those parts of the New York State Constitution which similarly apply with like language," New York Correction Law § 725, New York State Executive Law Article 15 Section 290 et seq., New York Labor Law Section 740, New York State Constitution Article 1, Section 6, and the Administrative Code of the City of New York, Section 8-107(1)(a).[1]

       Plaintiff was a teacher with the DOE from 1992 to her termination in June 2018. <u>See</u> Am. Compl. ¶ 16 and ¶ 22. Prior to her termination, plaintiff was served with disciplinary charges for misconduct, including "alleged failure to appear at one parent teacher conference… alleged

---

[1] Although the plaintiff indicates in paragraph 1 of the amended complaint that she is proceeding with these claims, a reading of the amended complaint indicates she is only alleging claims under the Fourteenth Amendment, First Amendment, and New York Labor Law Section 740.

failure to attend eight professional development meetings, and her alleged failure to punch her timecard on three occasions." See id. at ¶ 24. In accordance with New York Education Law 3020-a, the disciplinary charges were the subject of an arbitration hearing that was held on March 27, April 9, 16, 20, 25 and 30, 2018. After evaluating the evidence presented, the Hearing Officer rendered a decision on June 1, 2018, and determined that the appropriate penalty was the termination of plaintiff's employment. See id at ¶¶ 28-30.

Pursuant to CPLR Article 75, plaintiff then appealed the decision of the Hearing Officer. On February 25, 2019, Justice John Kelley of the New York County Supreme Court denied plaintiff's challenge and upheld the determination of the Hearing Officer. See id at ¶ 32 and ¶ 33.

In November 2020, plaintiff commenced this action in New York State Supreme Court, which was removed to this court on February 4, 2021. See id at ¶ 35 and ¶ 36.

**Plaintiff's Due Process Claim under 42 U.S.C. § 1983**

To state a § 1983 claim for an alleged violation of due process, a plaintiff must show that (1) she possessed a liberty, or property interest protected by the Constitution, or federal statutes; and, (2) she was deprived of that liberty or property interest without due process. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002). The Second Circuit has held that "the Due Process Clause of the Fourteenth Amendment is not violated even when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy." See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996), cert. denied, 521 U.S. 1140 (1997). "The availability of a post-deprivation Article 75 proceeding" is a meaningful post deprivation remedy, therefore "provides sufficient due process." DePrima v. City of N.Y. Dep't of Educ., 12-CV-3626 (MKB), 2014 U.S. Dist. LEXIS 37866, at *22 (E.D.N.Y. Mar. 20, 2014).

Here, plaintiff was availed of the procedures afforded to teachers under New York Education Law 3020, and thereafter unsuccessfully sought judicial review of the Hearing Officer's determination pursuant to CPLR Article 75. Plaintiff had full due process.

**Plaintiff's Stigma Plus Claim under the First and Fourteenth Amendments**

Plaintiff complains that a problem code was placed on her personnel file (Am. Compl. at ¶ 23), and alleges that the DOE Defendants violated the First Amendment under a stigma plus theory. Plaintiff's claim fails for several reasons.

First, plaintiff does not have a stigma plus claim because the alleged problem code pertains to an internal record of the DOE, and is not made public to potential employers. See Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *35 (S.D.N.Y. Aug. 6, 2020) citing White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255, 2014 WL 4357466, at *13 ("[B]ecause Plaintiff fails to allege facts indicating that the 'ineligible/inquiry' . . . list[ ] were public to future employers, she fails to state a 'stigma plus' claim").

Second, plaintiff does not have a cognizable claim because what she is complaining of is

the fact that Defendant DOE's internal records accurately reflect the fact that Plaintiff's employment was terminated.

**Plaintiff's Intentional Infliction of Emotional Distress Claim**

Plaintiff's claim for intentional infliction of emotional distress fails because as a matter of public policy, it cannot be brought against a government body, such as the DOE. See Dillon v. City of New York, 261 A.D.2d 34, 41 (1st Dep't 1999); see Lauer v. City of New York, 240 A.D.2d 543 (2d Dep't 1997). Even if Plaintiff was able to bring this claim, her claim fails to meet the standard, as the conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Howell v. New York Post Co., 81 N.Y.2d 115, 122 (1993).

**Plaintiff's Remaining Claims**

Plaintiff's claims for Breach of Contract and Fraud do not appear to pertain to the DOE Defendants.

In any event, plaintiff's remaining claims also should be dismissed. At the pleading stage, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (citation and internal quotation marks omitted).

Here, the Amended Complaint is bereft of any factual allegations that could support claims under 42 U.S.C. §1988, New York Correction Law § 725, New York State Executive Law Article 15 Section 290 et seq., New York Labor Law Section 740, New York State Constitution Article 1, Section 6, and Title 8 of the Administrative Code of the City of New York, Section 8-107(1)(a).

Accordingly, the DOE Defendants respectfully request a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint.

Respectfully,

Lawrence J. Profeta
Assistant Corporation Counsel