MASON LAW

D. CHRISTOPHER MASON

ATTORNEYS AT LAW
11 BROADWAY - SUITE 615-8
NEW YORK, NEW YORK 10004
P: 212.498.9691 F: 212.498.9692

EMAIL:
cmason@masonlawpllc.com

July 19, 2021

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge,
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Alterescu v. New York City Department of Education et al., 2l-cv-00925-KPF

Dear Judge Failla,

I am the Attorney representing Plaintiff Felicia Alterescu in this matter. I have no objection to the DOE Defendants and the UFT submitting Motions To Dismiss the Amended Complaint, which I will Oppose, and furthermore I support the UFT in requesting that the Court grant leave to the parties to set a briefing schedule for the exchange of papers. A pre-motion conference is unlikely to be the most productive use of the Court's time.

What this case is all about is the violation of public policy – namely teacher Tenure - by the Defendants, individually and collectively. Both the DOE Defendants and the UFT have pursued a pattern and practice for nineteen (19) years which ignore the Constitutional right to a proper determination of probable cause before charges are served on a tenured educator, and before a 3020-a arbitration begins, leaving the arbitrator without subject matter jurisdiction to hear the case or decide on any penalty.

The specific process the Defendants have omitted from their charging procedures are cited in Education Law §3020-a(2)(a): once charges are created, these allegations must be presented to the New York City school board, the Panel On Educational Policy ("PEP") for a vote on probable cause in an Executive Session by a majority of the members. In NYC, this procedure is omitted, skipped over, and/or denied to all accused tenured educators brought up on charges.

The gravamen of our argument is that the mandated procedures on determining probable cause have never been waived, set aside by the State legislature, or in any way removed from the Constitutional rights held by educators with Tenure in this State, yet the DOE Defendants and UFT say this is not correct. They propose, wrongly, that the preferring of charges is the same as finding of probable cause, and therefore there is "no

need" to have an Executive Session to vote on probable cause. This actually is quite shocking, because charging someone with an allegation of wrong-doing and saying there is no need to determine probable cause for charging the person, simply gives the person who prefers charges powers no one should or could have under the protections of tenure which in New York State are public policy.

However, the DOE Defendants could not allow, under the Bloomberg administration's business model of education, someone with tenure getting away with wrong-doing or incompetent service of any kind, at any time. This model demands that superior must be able to fire any employee at any time. This did away with some of the freedoms feared by the Bloomberg Administration, such as job protections under the tenure law. The Mayor also appoints the Chancellor. But the PEP Bylaws never allowed the Chancellor to have a vote on the PEP for any issue that might come up. Additionally, the State legislature never changed or waived Education Law 3020-a(2)(a), although both the DOE and the UFT say that there is a waiver in New York City. This is the fraud that Plaintiff was forced to rely on after she was forced to proceed with her compulsory 3020-a which never had a proper determination of probable cause for the charges. The hearing and the termination decision are legally void.

The waiver or Delegation Memos the DOE Defendants and the UFT base their argument that supposedly does away with any need to have an Executive Session and a vote on probable cause indeed never mention probable cause. Except for Education Law 3020-a(2)(a), there is no mention of a procedure to determine probable cause, or any discussion of any issue relevant to that procedure, in the Law.

The statements that there is no Constitutional claim, that Plaintiff is time barred, and that she is precluded from challenging factual or legal findings made by the Arbitrator and confirmed by the Supreme Court, are simply untrue and serve to mislead this Court. The tenure law was not litigated at Plaintiff's 3020-a and was not brought to the Supreme Court for review. We brought these issues here.

We intend on presenting evidence and case law which supports the pattern and practice of the DOE Defendants and UFT which denied Plaintiff her Constitutional rights given to her in the tenure law before during and after her 3020-a arbitration.

Respectfully,

*/s/ D. Christopher Mason*

Cc:   Counsel of Record (by CM/ECF)
      failla_nysdchambers@nysd.uscourts.gov