UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
− − − − − − − − − − − − − − − − − − − − − − − − X
FELICIA ALTERESCU,

                        Plaintiff,

               -against-
                                 Case No. 21-CV-00925-KPF

NEW YORK CITY DEPARTMENT OF
EDUCATION; RICHARD CARRANZA,
CHANCELLOR; and THE UNITED
FEDERATION OF TEACHERS

                        Defendants.
− − − − − − − − − − − − − − − − − − − − − − − − X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AS TO THE UNITED FEDERATION OF TEACHERS

                             ARCHER, BYINGTON, GLENNON & LEVINE, LLP
                             *Attorneys for Defendant United Federation of Teachers*
                             1430 Broadway, Suite 1107
                             New York, NY 10018
                             Phone: (631) 249-6565
                             pbrown@abgllaw.com

*On the Brief:*
Paul K. Brown

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS .................................................................................... 4

ARGUMENT ......................................................................................................... 6

I.    Legal Standards ......................................................................................... 6

II.   The Complaint Fails to State A Claim For Breach of the Duty of Fair
      Representation ............................................................................................ 6

III.  Any Claimed Breach of the Duty of Fair Representation Would be Time-
      Barred ....................................................................................................... 13

IV.   The Complaint Fails to State A Constitutional Claim Against the UFT ........ 15

V.    Plaintiff's Remaining State Law Claims Must Also Be Dismissed ................. 20

      A.    The Complaint Fails to State a Claim For Intentional Infliction of
            Emotional Distress ........................................................................... 20

      B.    The Complaint Fails to State a Claim for Breach of Contract ................. 21

      C.    The Complaint Fails to State a Claim for Fraud ..................................... 22

VI.   Plaintiff Is Precluded From Challenging Factual or Legal Findings
      Made By the Arbitrator ............................................................................... 23

CONCLUSION ..................................................................................................... 24

TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980)...........................................................................22

*Alston v. Transp. Workers Union*,
  225 A.D.2d 424 (1st Dept 1996). ..............................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................6

*Berlyn v Board of Educ. of E. Meadow Union Free School Dist.*,
  80 A.D.2d 572 (2d Dept 1981), *affd* 55 N.Y.2d 912 (1982) ....................................21

*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)......................................................23

*Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*,
  411 F.3d 306 (2d Cir. 2005).......................................................................................22

*Cardinale v. NYC Department of Education*,
  Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2018) ........................................4, 7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)....................................6

*Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010) ..........................................................6

*Grassel*, 44 PERB 4501 (2011) ................................................................................4, 7

*Green v. Dep't of Educ. of N.Y.C.*,
  No. 18 CIV. 10817 (AT) (GWG), 2019 BL 283105,
  *5-6 (S.D.N.Y. July 31, 2019) ..............................................................................9, 12

*Haas v. New York City Dep't of Educ.*,
  2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012) ........................................12

*Herington v. Civil Serv. Emps.*, 130 A.D.2d 961 (4th Dept 1987)................................8

*Hickey v Hempstead Union Free School Dist.*,
  36 A.D.3d 760 (2d Dept 2007) ..................................................................................21

*First Nationwide Bank v. Gelt Funding Corp.,*
   27 F.3d 763 (2d Cir. 1994) ........................................................ 6

*Kaye v. Grossman,* 202 F.3d 611 (2d Cir. 2000)........................................ 22

*Liu v. New York City Bd,/Dep't of Educ.,* 2012 N.Y. Slip Op. 30008(U)
   (Sup. Ct. N.Y. Cty. 2014) .......................................................... 12

*Martin v. Curran,* 303 N.Y. 276 (1951) .............................................. 3, 22

*McDonald v. New York City Bd./Dep't of Educ.,*
   2015 WL 4038759, Index No. 652713-2014 (Sup. Ct. N.Y. Cty. 2015) ............. 11

*McGugan v. Aldana-Bernier,* 752 F.3d 224 (2d Cir. 2014).............................. 15

*McKnight v. Middleton,* 699 F. Supp. 2d 507 (E.D.N.Y. 2010) ......................... 15

*Menchin v. New York City Dep't of Educ.,* 2011 N.Y. Slip Op. 51344(U) (Sup. Ct.
   Rockland Cty. 2011) ................................................................ 11

*Mendez v. New York City Bd./Dep't of Educ.,*
   2014 WL 7496576, Index No. 651903-2013 (Sup. Ct. N.Y. Cty. 2014) ............. 12

*Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2d Cir. 1998) .................. 6

*Pina-Pena v. New York City Dept. of Educ.,*
   [2014 BL 100971], 2014 N.Y. Misc. LEXIS 1630, *10
   (Sup. Ct. N.Y. Cty. Apr. 4, 2014)................................................ 11

*Pocino v. New York City Bd./Dep't of Educ.,* 2011 N.Y. Slip Op. 51513(U) (Sup. Ct.
   N.Y. Cty. 2011) .................................................................... 12

*Ponticello v. County of Suffolk,* 225 A.D. 2d 751 (2d Dep't 1996) ................... 8

*Roman v. City Empls. Union Local 237,* 300 A.D.2d 142 (1st Dept 2002) ........... 7, 14

*Roman v. Dep't of Educ. of the City of New York,*
   2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014), ......................... 11

iii

*Cardinale v. New York City Department of Education*,
    Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2017) ........................................... 12

*Russo v. United Fed'n of Teachers*, 189 A.D.3d 562 (1st Dept 2020) ........................ 14

*Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp.2d 683 (S.D.N.Y. 2007).................... 8, 9

*Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91 (2d Cir.1997)........... 22

*Scott v. New York Health and Human Servs. Union, 1199/SEIU*,
    No. 00-Civ.-9381, 2003 U.S. Dist. LEXIS 1767, 2003 BL 2511, 2003 WL 359534,
    at *6 (S.D.N.Y. Feb. 6, 2003) ..................................................................................... 8

*Sinicropi v. New York State Pub. Empl. Relations Bd.*, 125 A.D.2d 386, 388 (2d Dept
    1986)............................................................................................................................ 9

*Simons Koppel v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 32160(U) (Sup.
    Ct. N.Y. Cty. 2011)................................................................................................... 12

*Soleyn v. New York City Dep't of Educ.*, 33 Misc.3d 1211(A), 2011 N.Y. Slip Op.
    51897(U) (Sup. Ct. N.Y. Cty. 2011).......................................................................... 12

*Spano v Kings Park Cent. School Dist.*, 61 A.D.3d 666 (2d Dept 2009) ................... 21

*Splinters, Inc. v. Greenfield*, 63 A.D.3d 717 (2d Dept. 2009) .................................... 14

*Vaca v. Sipes*, 386 U.S. 171 (1967).............................................................................. 8

*White-Grier v. New York City Bd./Dep't of Educ.*, 2012 N.Y. Slip Op. 32466
    (Sup. Ct. N.Y. Cty. 2012) ......................................................................................... 12

*Williams v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 32258(U)
    (Sup. Ct. N.Y. Cty. 2014) ......................................................................................... 11

**Statutes**

CPLR Article 75. ................................................................................................ 3

CPLR 217(2)(a) ............................................................................................. 7, 14

CPLR 3012. ...................................................................................................... 13

N.Y. Educ. Law § 2590-f(1)(b) ................................................................. 11, 12

N.Y. Educ. Law § 2590-h ..................................................................... 10, 11, 12

N.Y. Educ. Law § 3020 ................................................................................. 4, 22

N.Y. Educ. Law § 3020-a. ......................................................................... *passim*

**Rules**

CPLR Article 75 ......................................................................................... *passim*

CPLR 217(2)(a) ............................................................................................. 7, 14

CPLR 3012 ........................................................................................................ 13

FRCP 12(b)(6) ......................................................................................... 1, 3, 6, 13

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion to dismiss the Complaint as to the United Federation of Teachers ("UFT") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This action arises out of the disciplinary proceeding brought against Plaintiff by her former employer, the Board of Education of the City School District of the City of New York (a/k/a the "Department of Education" or "DOE"). After a hearing in March and April of 2018, Arbitrator Mary J. O'Connell, Esq., issued an Opinion and Award dated June 1, 2018 (the "Award") terminating Plaintiff's employment with the DOE. Plaintiff commenced a proceeding to vacate the Award in Supreme Court, New York County, which was dismissed by Decision and Order dated February 25, 2019, by the Supreme Court (Hon. John J. Kelly, J.S.C.), and the Award was confirmed.

Several years after her termination, on November 23, 2020, Plaintiff commenced the instant action in Supreme Court, New York County, by summons and notice, raising a smorgasbord of conclusory and meritless claims against the DOE and the United Federation of Teachers ("UFT"). Upon Plaintiff finally serving her Complaint on June 4, 2021 (and amended Complaint on August 26, 2021), Plaintiff's factual allegations made against the UFT arise from her dissatisfaction with the representation of her attorney, through the UFT's statewide affiliate, New York State United Teachers ("NYSUT"), at her disciplinary hearing several years prior, based on Plaintiff's fundamental misunderstanding of New York Education Law ("N.Y. Educ. Law"). Specifically, Plaintiff alleges that her NYSUT attorney refused to a raise a

meritless defense, in March and April of 2018, regarding the DOE Chancellor's proper delegation of authority to prefer disciplinary charges.   Plaintiff further appears alleges that the UFT and the DOE should not have negotiated alternative procedures or should have negotiated a different procedure in the relevant collective bargaining agreement.   The Complaint—largely comprised of a random hodge-podge of disconnected legal conclusions—must be dismissed as to the UFT for the following reasons:

First, Plaintiff's apparent dissatisfaction with sound legal counsel during her disciplinary hearing in 2018 fails to state a claim for breach of the duty of fair representation, because: (i) there is no factual allegation of any conduct that is discriminatory, arbitrary, or taken in bad faith, and a union is not obligated to pursue employees' complaints regardless of their merit; (ii) Plaintiff's claims are based on a misunderstanding of N.Y. Educ. Law §§ 3020-a, 2590-h, and 2590-f, interpreted by this Court and "numerous state courts" as "giving the Chancellor the authority to delegate the process of preferring charges against tenured teachers to the District Superintendent, who in turn may delegate that authority to local school principals," as well as authorizing the UFT and DOE to negotiate "alternative procedures," *Green v. Dep't of Educ. of N.Y.C.*, No. 18 CIV. 10817 (AT) (GWG), 2019 BL 283105, *5-6 (S.D.N.Y. July 31, 2019) (citations omitted); and (iii) any claim for breach of the duty of fair representation is untimely, pursuant the applicable four-month statute of limitations.

Second, the Complaint fails to state a constitutional claim, because (i) unions

are generally not considered state actors; (ii) there is no factual allegation that the UFT took any action, let alone conspired with the DOE, to deprive Plaintiff of any constitutional right; and (iii) there is no underlying violation of any constitutional right, including to procedural due process, as Plaintiff alleges that she received written notice of the charges against her, participated in a full-blown Educ. Law § 3020-a hearing, and availed herself of review procedures pursuant to Article 75 of the New York Civil Practice Law and Rules ("CPLR").

Third, the remaining state law claims referenced in the Complaint must also be dismissed, because (i) the Complaint fails to plead necessary elements of each claim; (ii) the Complaint fails to plead sufficient facts pursuant to *Martin v. Curran*, 303 N.Y. 276 (1951) to demonstrate ratification by the UFT of allegedly tortious conduct; (iii) any claim for intentional infliction of emotional distress is time barred; and (iv) even if the Complaint alleged a breach of any term of the relevant collective bargaining agreement ("CBA") between the UFT and the DOE—which it does not— Plaintiff would not have standing to bring a breach of contract action alleging a breach of that CBA, to which she is not a party.

Finally, Plaintiff is precluded from challenging factual or legal findings made by the Arbitrator and confirmed by the Supreme Court.

Consequently, this Court should dismiss the Complaint against the UFT without leave to amend pursuant to FRCP 12(b)(6).

3

**STATEMENT OF FACTS**[1]

Plaintiff was employed as a classroom teacher for the DOE. (Compl. ¶ 21).  On or about November 1, 2017 Plaintiff was served with disciplinary charges pursuant to N.Y. Educ. Law § 3020-a. (Compl. ¶ 19).

Plaintiff alleges that "[b]efore her 3020-a arbitration hearing began," she learned of a decision in *Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2018) and requested that her NYSUT attorney[2] "to submit a Motion to Dismiss the charges...due to the omission of a vote on probable cause in an Executive Session of the PEP." (Compl., ¶¶ 26-27).  By letter dated April 23, 2018, Plaintiff alleges that NYSUT advised her that her NYSUT attorney would not take such a position, and, if she continued to insist on such an argument, NYSUT would be forced to withdraw from representing her. *Id.*

After a hearing disciplinary hearing held pursuant to N.Y. Educ. Law § 3020-a, Arbitrator Mary J. O'Connell issued a Final Opinion and Award dated June 1, 2018 (the "Award"), sustaining certain charges and finding termination as the appropriate penalty. (Compl., ¶ 30) (*See*, Brown Decl., Ex "A") (confirming the Award).  Plaintiff

---

[1] Defendant UFT's statement of facts is derived from the allegations of the amended Complaint, mislabeled as Plaintiff's "Second Amended Complaint" (ECF 19), and the documents and materials incorporated by reference into the amended Complaint, and are taken as true only for the purpose of this Motion to Dismiss.

[2] NYSUT and the UFT are separate legal entities, with the UFT being a local affiliate of NYSUT.  Accordingly, UFT members (who are, through such affiliation, also members of NYSUT), who are brought up on disciplinary charges pursuant to N.Y. Educ. Law § 3020-a may seek to NYSUT legal counsel assist in their defense free of charge. (*See*, Compl., ¶ 27) (acknowledging NYSUT attorney provided free of charge); *see e.g.*, *Grassel*, 44 PERB 4501 (2011) (describing affiliation).

commenced a special proceeding pursuant to New York Civil Practice Law and Rules ("CPLR") Article 75 seeking to vacate the Award in Supreme Court, New York County.  By Decision and Order dated February 25, 2019, the Supreme Court (Hon. John J. Kelly, J.S.C.) denied Plaintiff's petition, dismissed the Article 75 proceeding, and confirmed the Award, deferring to the Arbitrator's findings regarding Plaintiff's "chronic absenteeism," and finding, *inter alia*, "the [Plaintiff] was on notice, based on previous disciplinary penalties---including suspension---that further misconduct could result in termination of her employment.  Thus, the termination of [Plaintiff's] employment was not disproportionate to the offenses committed." (Brown Decl., Exhibit "A").

 Plaintiff also alleges that the DOE has flagged her file with a "problem code" in connection with her disciplinary charges and termination. (Compl., ¶¶ 4, 18). Plaintiff does not allege the UFT had any involvement with the "problem code" allegedly assigned to Plaintiff's file in the DOE's internal records.

On November 23, 2020 (over 29 months from her termination and membership in the UFT), Plaintiff commenced the instant action in Supreme Court, New York County, by summons with notice, without the complaint.  After removal, on June 4, 2021 (36 months from her termination and membership in the UFT), Plaintiff first filed a Complaint.

The UFT now moves to dismiss the Complaint as it fails to state a claim.

## ARGUMENT

### I.    Legal Standards

Rule 12(b)(6) of the FRCP permits a party to move to dismiss a complaint "for failure to state a claim upon which relief can be granted. FRCP 12(b)(6).  On a motion to dismiss pursuant to FRCP 12(b)(6), the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks and citation omitted).  "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under [FRCP] 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, the Court "cannot invent factual allegations that [plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### II.    The Complaint Fails to State A Claim For Breach of the Duty of Fair Representation

Plaintiff's Complaint largely consists of an indecipherable and nonsensical jumble of legal conclusions.  The sole factual allegations against the UFT pertain to

Plaintiff's NYSUT[3] attorney refusing to raise an unmeritorious and often-rejected defense to the disciplinary charges preferred by the Department of Education. Specifically, Plaintiff alleges that she told her NYSUT attorney about the case *Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2018) ("*Cardinale*"); requested that he submit a "motion to dismiss" the charges "due to the omission of a vote on probable cause in an Executive Session of the PEP;" that her NYSUT attorney refused to argue that case, and—if Plaintiff continued to request that her NYSUT attorney take such a position—NYSUT would be forced to withdraw from representing Plaintiff. (Compl., ¶¶ 26-27).  In short, Plaintiff wanted her union attorney to make an incorrect legal argument.

As this allegation arguably pertains to the adequacy of Plaintiff's legal representation during her disciplinary hearing, Plaintiff's myriad legal conclusions distill to an alleged breach of the duty of fair representation. *Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002) ("The allegations by plaintiff against defendant union clearly constitute a claim that he was improperly represented by such union, not one for breach of contract as plaintiff urges in opposing dismissal of his claim as time-barred. The expedient of characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period prescribed in CPLR 217(2)(a)"); *Herington v. Civil Serv.*

---

[3] UFT and NYSUT are separate entities and perform separate functions. *See e.g.*, *Grassel*, 44 PERB 4501 (2011) ("The UFT is affiliated with NYSUT and provides representation to unit employees facing Education Law § 3020-a disciplinary charges through NYSUT").

*Emps.*, 130 A.D.2d 961, 962 (4th Dept 1987) ("plaintiff has no cause of action against his union either for breach of contract or for negligence arising out of the performance of duties assumed under the collective bargaining agreement; his sole remedy is an action for breach of fair representation") (citations omitted).

Nothing in Plaintiff's Complaint, even read in the light most favorable to her, provides sufficient grounds supporting a claim for the breach of the duty of fair representation. Such a claim must be based on actions demonstrating substantial conduct that is discriminatory, arbitrary, or taken in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp.2d 683, 689 (S.D.N.Y. 2007). Moreover, "[n]either a union's decision not to pursue an employee's grievance to every level of the applicable procedure, *nor the employee's dissatisfaction with the manner in which the union conducted the representation*, constitutes sufficient grounds warranting a finding of a breach of the duty of fair representation." *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp.2d 683, 689 (S.D.N.Y. 2007) (emphasis added) (citing *Ponticello v. County of Suffolk*, 225 A.D. 2d 751 (2d Dept 1996)). It is well-settled that a union's duty of fair representation does not require it to pursue employees' complaints regardless of their merit. *Vaca v. Sipes*, 386 U.S. 171, 191 (1967); *Scott v. New York Health and Human Servs. Union, 1199/SEIU*, No. 00-Civ.-9381, 2003 U.S. Dist. LEXIS 1767, 2003 BL 2511, 2003 WL 359534, at *6 (S.D.N.Y. Feb. 6, 2003) ("A union need not pursue a grievance that it believes meritless").

There is no allegation that the UFT (through the attorney of its affiliate, NYSUT) acted arbitrarily, discriminatorily, or in bad faith in deciding not raise a

defense to Plaintiff's disciplinary charges based on an unreported, outlier decision in *Cardinale*. Instead, Plaintiff is merely dissatisfied that her union-provided attorney refused her requests to make an erroneous legal argument in her disciplinary proceeding, which is insufficient to state a claim for breach of the duty of fair representation. *See Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp.2d 683, 689 (S.D.N.Y. 2007).

Further, it is well settled that in order to recover damages from a union pursuant to a cause of action alleging a breach of the duty of fair representation, the employee must prove the merits of the underlying grievance against the employer, "the proper prosecution of which the union is alleged, by its misconduct, to have foreclosed." *Sinicropi v. New York State Pub. Empl. Relations Bd.*, 125 A.D.2d 386, 388 (2d Dept 1986), appeal dismissed 69 N.Y.2d 822 (1987)). Plaintiff cannot prove the merits of a defense based on *Cardinale* (or based on the alternative procedures negotiated by the UFT and the DOE), as such claims have been consistently rejected, including by this Court.

Recently, in *Green v. Dep't of Educ. of N.Y.C.*, this Court addressed a complaint "center[ed] on the manner in which [plaintiff's] arbitration was initiated and conducted. In particular, [the plaintiff] argue[d] that defendants violated his constitutional rights by failing to follow the procedures set forth in N.Y. Educ. Law § 3020-a" Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, 5-6 (S.D.N.Y. July 31, 2019). Specifically, N.Y. Educ. Law § 3020-a requires, within five days of receipt of the charges, "the employing board, in executive session, shall determine, by a vote of

a majority of all members of such board, whether probable cause exists to bring a disciplinary proceeding against an employee pursuant to this section." N.Y. Educ. Law § 3020-a(2).

Importantly—and where Plaintiff's legal analysis goes astray—certain provisions of N.Y. Educ. Law "give additional flexibility to the school district of the City of New York—that is, the DOE—or otherwise provide that the procedures outlined in section 3020-a can be changed." *Green v. Dep't of Educ. of N.Y.C.*, Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, 5-6 (S.D.N.Y. July 31, 2019).

First, N.Y. Educ. Law § 3020 expressly permits the issuance of discipline pursuant to "alternative disciplinary procedures contained in a collective bargaining agreement." *Id.* (quoting N.Y. Educ. Law § 3020). Consequently, to the extent Plaintiff raises the arbitrator selection and appointment process, including the DOE's and UFT's agreement to utilize a rotational panel of arbitrators, her claims are inconsistent with the express language of N.Y. Educ. Law § 3020, which authorizes such alternative procedures.

Second, this Court has recognized the authority of the Chancellor of the school district of the City of New York to, *inter alia*, exercise all of the duties and responsibilities of the employing board with respect to N.Y. Educ. Law § 3020-a (including the preferral of disciplinary charges), and may delegate this authority to subordinate officers or employees, including to superintendents, who may, in turn, further delegate such authority to school principals. *Green v. Dep't of Educ. of N.Y.C.*, Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, 5-6 (S.D.N.Y. July 31, 2019)

(compiling cases).  This Court comprehensively explained the statutory framework

for such delegation as follows:

> N.Y. Educ. Law § 2590-h outlines the powers of the
> chancellor of the school district of the City of New York —
> that is, the duties of the chancellor of the DOE. N.Y. Educ.
> Law § 2590-h(38) gives the Chancellor the power "[t]o
> exercise all of the duties and responsibilities of the
> employing board as set forth in section three thousand
> twenty-a of this chapter with respect to any member of the
> teaching or supervisory staff of schools under the
> jurisdiction of the community district education councils."
> As noted, N.Y. Educ. Law § 3020-a(2) gives the "employing
> board" the power to determine [*6] whether probable cause
> exists to bring disciplinary charges against an employee
> following a vote of the majority of all of its members in
> executive session. N.Y. Educ. Law § 2590-h(19) provides
> that the Chancellor may "[d]elegate any of his or her
> powers and duties to such subordinate officers or
> employees as he or she deems appropriate and to modify or
> rescind any power and duty so delegated." N.Y. Educ. Law
> § 2590-f(1)(b) further provides that in New York City, the
> superintendent shall have the power "to delegate any of her
> or his powers and duties to such subordinate officers or
> employees of her or his community district as she or he
> deems appropriate, at his or her sole discretion, and to
> modify or rescind any power and duty so delegated."

*Id.*

This Court then observed "[n]umerous state courts have interpreted these

sections of the law as giving the Chancellor the authority to delegate the process of

preferring charges against tenured teachers to the District Superintendent, who in

turn may delegate that authority to local school principals." *Id.*; (citing *Pina-Pena v.*

*New York City Dept. of Educ.*, [2014 BL 100971], 2014 N.Y. Misc. LEXIS 1630, *10

(Sup. Ct. N.Y. Cty. Apr. 4, 2014); *see also, Menchin v. New York City Dep't of Educ.*,

2011 N.Y. Slip Op. 51344(U) (Sup. Ct. Rockland Cty. 2011) (affirmative vote of Board

of Education is not required to prefer Education Law § 3020-a charges; Chancellor has the authority to prefer Education Law § 3020-a charges, which can be delegated to superintendents, who may further delegate such authority to local school principals); *McDonald v. New York City Bd./Dep't of Educ.*, 2015 WL 4038759, Index No. 652713-2014 (Sup. Ct. N.Y. Cty. 2015) (same); *Roman v. Dep't of Educ. of the City of New York*, 2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd*, 128 A.D.3d 590 (1st Dept 2015) (same); *Williams v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 32258(U) (Sup. Ct. N.Y. Cty. 2014) (same); *Mendez v. New York City Bd./Dep't of Educ.*, 2014 WL 7496576, Index No. 651903-2013 (Sup. Ct. N.Y. Cty. 2014) (same); *Liu v. New York City Bd,/Dep't of Educ.*, 2012 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd as mod.*, 107 A.D.3d 464 (1st Dep''t 2013) (same); *Haas v. New York City Dep't of Educ.*, 2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012), *aff'd as mod.*, 106 A.D.3d 620 (1st Dep''t 2013) (same); *White-Grier v. New York City Bd./Dep't of Educ.*, 2012 N.Y. Slip Op. 32466 (Sup. Ct. N.Y. Cty. 2012) (same); *Pocino v. New York City Bd./Dep't of Educ.*, 2011 N.Y. Slip Op. 51513(U) (Sup. Ct. N.Y. Cty. 2011) (same); *Soleyn v. New York City Dep't of Educ.*, 33 Misc.3d 1211(A), 2011 N.Y. Slip Op. 51897(U) (Sup. Ct. N.Y. Cty. 2011) (same); *Simons Koppel v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 32160(U) (Sup. Ct. N.Y. Cty. 2011) (affirmative vote not required; superintendents have the authority to prefer charges.) [4]

---

[4] This Court recently considered and found the reasoning of *Rosalie Cardinale v. New York City Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2017)—a significant outlier from the cases collected in the string-cite above and on appeal to the Appellate Division Second Department—"unpersuasive." *Green v. Dep't*

Thus, Plaintiff's assertion made to her NYSUT attorney that a "vote on probable cause in an Executive Session of the PEP," is required pursuant to N.Y. Educ. Law § 3020-a is based on a misunderstanding of the statutory scheme set forth in N.Y. Educ. Law establishing disciplinary procedures for tenured teachers employed by the Department of Education. *See* N.Y. Educ. Law §§ 2590-h, 3020-a(2), 2590-h(19), 2590-f(1)(b).

Plaintiff's apparent dissatisfaction with sound legal counsel is insufficient to state a claim for breach of the duty fair representation.  Even if the defense urged by Plaintiff had merit—which it does not—there is no allegation that the UFT (through the attorney of its affiliate, NYSUT) acted arbitrarily, discriminatorily, or in bad faith in deciding not raise it.

Accordingly, the Complaint fails to state a claim for breach of the duty of fair representation and it should be dismissed as to the UFT, pursuant to FRCP 12(b)(6).

### III.   Any Claimed Breach of the Duty of Fair Representation Would be Time-Barred

Plaintiff's allegations regarding representation during her Educ. Law § 3020-a proceeding occurred—at the latest—in March and April of 2018. (Compl. ¶ 28). Plaintiff was subsequently terminated on or about June 1, 2018. (Compl. ¶ 29).  At or about that time, the representation of her NYSUT attorney ceased and Plaintiff was no longer a UFT member.  The applicable statute of limitations period was four months from the date Plaintiff knew or should have known that such breach occurred.

---

*of Educ. of N.Y.C.*, No. 18 CIV. 10817 (AT) (GWG), 2019 BL 283105, *11 (S.D.N.Y. July 31, 2019).

*Alston v. Transp. Workers Union*, 225 A.D.2d 424 (1st Dept 1996); CPLR § 217(2)(a).

Plaintiff did not commence the instant action until November 23, 2020 (over 29 months from her termination). Even then, Plaintiff failed to file a complaint until June 4, 2021 (36 months from her termination).[5]

Although Plaintiff has used all sorts of inapt legal jargon to characterize her claim alleging a breach of the duty of fair representation arising from her dissatisfaction with her representation at her Educ. Law § 3020-a hearing; *see* Point II, *supra*, courts have rejected attempts to circumvent the applicable four-month limitations period by mischaracterizing breach of the duty of fair representation claims under different theories. *Russo v. United Fed'n of Teachers*, 189 A.D.3d 562, 563 (1st Dept 2020) ("Characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period"); *Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002) ("The allegations by plaintiff against defendant union clearly constitute a claim that he was improperly represented by such union, not one for breach of contract as plaintiff urges in opposing dismissal of his claim as time-barred. The expedient of

---

[5] Plaintiff commenced this action in Supreme Court, New York County by summons with notice, without serving a complaint. (*See* ECF No. 5). The UFT served a written demand for complaint on January 25, 2021. (Brown Decl., Exhibit "B"). Plaintiff failed to file her complaint within 20 days of the UFT's demand, as required by CPLR 3012. In fact, Plaintiff did not file her Complaint until June 4, 2021 (110 days late). Plaintiff has not provided any reasonable excuse for her delay in filing the Complaint—wrongly and misleadingly identified as an "Amended Complaint"—and has no potentially meritorious claim. *Splinters, Inc. v. Greenfield*, 63 A.D.3d 717, 719 (2d Dept. 2009). Plaintiff has now amended her complaint and mislabeled it as a "Second Amended Complaint." (ECF No. 19).

characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period prescribed in CPLR 217(2)(a)").  Plaintiff cannot avoid the four-month limitations period by calling her breach of the duty of fair representation claim something else.

Consequently, even if the Complaint stated a claim for breach of the duty of fair representation—which it does not—such a claim would be untimely and must be dismissed.

## IV.    The Complaint Fails to State A Constitutional Claim Against the UFT[6]

Although properly construed as a deficient breach of the duty of fair representation claim, *see* Points II and III *supra*, the Complaint includes a scattershot assortment of conclusory and inapplicable constitutional arguments. (*See*, Complaint, pp. 10-15).   Claims alleging violations of constitutional rights must be brought pursuant to Section 1983 of the Civil Rights Act. 42 U.S.C. § 1983.   "Section 1983 protects against the deprivation of constitutional rights by state actors." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 530 (E.D.N.Y. 2010). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014); *see also Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664 (2d Cir. 2009) (to establish a violation of Section 1983, "a plaintiff must show that: (1) the defendants

---

[6] Plaintiff asserts duplicative and overlapping constitutional claims, referencing the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. (Compl., pp. 12-15).

acted under color of state law; and (2) the defendants" actions resulted in a deprivation of plaintiff"s constitutional rights").

Labor unions are generally not considered state actors. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (affirming dismissal of Section 1983 conspiracy claim against a union, noting that union representing state employees is not a state actor and finding conspiracy claims "especially hollow in light of the adversarial relationship" between the government entity and the union); *Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 350 (N.D.N.Y. 2015) *aff'd in part, vacated in part, remanded*, 682 F. App'x 30 (2d Cir. 2017); *Marrero v. City of N.Y.*, No. 02 Civ. 6634 (DLC), 2003 WL 1621921, at *4 (S.D.N.Y. Mar. 28, 2003) ("Labor Unions generally are not state actors."); *Gonzalez v. City of New York*, No. 1:18-CV-2197-GHW, 2020 BL 11576, 4 (S.D.N.Y. Jan. 13, 2020) (same); *Jourdain v. SEIU Local 1199*, 09 cv 1942 (AKH), 2010 BL 418623, 2010 U.S. Dist. LEXIS 89434, 2010 WL 3069965, at *6 (S.D.N.Y. July 28, 2010) ("[A] Union or its officials . . . generally are not amenable to suit under [Section] 1983 because they are not state actors") (internal quotations and citation omitted).

Nonetheless, to the extent that the Complaint can be read to assert a claim that the UFT conspired with the DOE to deprive her of her due process rights in violation of Section 1983, Plaintiff still has not stated a claim, because there is no factual allegation anywhere in the Complaint that the UFT took any action, let alone conspired with the DOE, to violate Plaintiff's Fourteenth Amendment rights (or any other Constitutional right). (*See*, Compl., pp. 1-16). A "complaint containing only

16

conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590 (2d Cir. 1999); *Young v. Suffolk County*, 705 F. Supp. 2d 183, 208 (E.D.N.Y. 2010) (citing *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)). Plaintiff simply does not allege any facts to support her claim that the UFT conspired to deprive her of constitutional rights.

Moreover, Plaintiff fails to show a violation of the underlying constitutional right. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). A civil conspiracy claim "does not set forth an independent cause of action" but rather is "sustainable only after an underlying…claim has been established." *Ford v. Aramark*, No. 18-CV-2696 (NSR), 2020 BL 27435, *17 (S.D.N.Y. Jan. 23, 2020); *see also Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."); *DeMartino v. N.Y. Dep't of Labor*, 167 F. Supp. 3d 342, 373 (E.D.N.Y. 2016). Because Plaintiff does not have a viable procedural due process claim against the DOE related to the negotiation of alternative procedures or the delegation of authority to prefer disciplinary charges pursuant to N.Y. Educ. Law § 3020-a, there can be no viable Section 1983 claims against the UFT. *See Roesch v. Otarola*, 980 F.2d 850, 854 (2d Cir. 1992) (holding that conspiracy claims against private defendants were properly dismissed where plaintiff could not establish underlying Section 1983 liability against state officer).

Plaintiff's procedural due process claims fail for at least two reasons:

First, the negotiation of alternative procedures and the delegation of authority to prefer disciplinary charges is entirely proper pursuant to N.Y. Educ. Law. N.Y. Educ. Law §§ 2590-h, 3020-a(2), 2590-h(19), 2590-f(1)(b); *see* Point II *supra*.

Second, to the extent Plaintiff is attempting to plead the deprivation of a property interest in her tenured position, she cannot show that her procedural due process rights were violated.  The procedures of N.Y. Educ. Law § 3020-a "comport with the procedural protections required by the Due Process clause." *Davis v. N.Y. City Dept./Bd. of Educ.*, No. 14 CV 2281 (KAM)(LB), 2015 BL 317068, *7 (E.D.N.Y. Aug. 19, 2015) (citing *Jacobs v. Mostow*, 271 Fed. App'x. 85, 89 (2d Cir. 2008)). Plaintiff admits that she received written notice of the charges against her and participated in a "full blown" evidentiary hearing where she had the opportunity to hear the DOE's evidence and defend herself against the charges against her. (Comp., ¶¶ 28, 29); *Jacobs v. Mostow*, 271 F.App'x 85, 89 (2d Cir 2008) (noting that the Court was unable to identify any argument in the complaint "as to why § 3020-a, which provides a full-blown adversarial hearing, would in this case be inadequate to satisfy the requirements of due process, especially given [plaintiff's] failure to utilize the process afforded him by state law to appeal the arbitrator's decision"); *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010) (holding that alleged deprivation of charges not brought pursuant to vote of the school board, did "not affect whether a tenured teacher receives oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story, as due process requires") (internal quotation marks and citations

omitted).

Additionally, "there is no constitutional violation (and no available [Section] 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996). This Court has recently explained: "It is well established that the existence of the Article 75 procedure constitutes due process as a matter of law." *Ventillo v. Falco*, No. 19-CV-03664 (PMH), 2020 BL 494994, *15 (S.D.N.Y. Dec. 18, 2020) (citing *Davis v. New York City Dep't / Bd. of Educ.* No. 14-CV-2281, [2015 BL 315595], 2015 U.S. Dist. LEXIS 131466 , [2015 BL 315595], 2015 WL 5772204 , at *9 (E.D.N.Y. Sept. 29, 2015) ("Post-deprivation remedies under Article 75 and Article 78 are more than adequate post-deprivation remedies for purposes of due process.") (internal quotation marks omitted)). Plaintiff exercised the mechanism available to her to challenge the Award, and her termination thereunder, pursuant to Article 75 of the CPLR. (Compl., ¶¶ 22, 23). Upon review, the Award was confirmed and her termination upheld. *Id.* Consequently, Plaintiff's constitutional claims must be dismissed.[7]

_____

[7] Although the Complaint invokes several—seemingly random—constitutional doctrines, the Complaint lacks any factual allegations that would support any of Plaintiff's bewildering constitutional theories. Any substantive due process claim must be dismissed. *Miller v. New York City Dept. of Educ.*, 71 F.Supp.3d 376 , 385 (S.D.N.Y. 2014) (dismissing a teacher's substantive due process claim that the disciplinary charges were "a sham" where he raises the allegations of First Amendment and procedural due process violations elsewhere in his complaint). Any equal protection clam must also be dismissed, because there is no allegation under this claim that Plaintiff was treated differently than similarly situated individuals. *See Overhoff v. Ginsburg Development, LLC*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001).

**V.     Plaintiffs Remaining State Law Claims Must Also Be Dismissed**

    **A.     The Complaint Fails to State a Claim For Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress, a plaintiff must plead: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).

The only factual allegations against the UFT pertain to the refusal of Plaintiff's NYSUT attorney to raise an unmeritorious defense during the course of her disciplinary proceeding. (Compl., ¶ 27).  Thus, Plaintiff has not alleged any facts that would satisfy *any* of the elements of an intentional infliction of emotional distress claim.

Further, the Complaint does not plead sufficient allegations to state an intentional infliction of emotional distress claim pursuant to *Martin v. Curran*, 303 N.Y. 276 (1951), which holds that, under Section 13 of the New York General Associations Law, "a union cannot be held liable for intentional torts absent a showing that every member of the union ratified the alleged tortious conduct." *Sales v. New York City Transit Auth.*, No. 08 CIV. 3420 (LAP), 2010 WL 87758, at *6 (S.D.N.Y. Jan. 7, 2010) (citing *Martin v. Curran*, 303 N.Y. 276, 282 (1951).  In other words, it is well-settled that actions against a union for tortious wrongs are limited to cases where the individual liability of every single member can be alleged and

proven.  *Id.*; *e.g., Modeste v. Local 1199, Drug, Hosp. & Health Care Emps. Union*, 850 F. Supp. 1156 (S.D.N.Y. 1994) (dismissing state tort claim of assault brought by union members alleging other members assaulted them during the course of labor actions). Here, Plaintiff has failed to allege that all UFT members ratified the alleged actions taken against her; therefore, she has failed to state a claim for intentional infliction of emotional distress.

Finally, the statute of limitations for intentional infliction of emotional distress claims expires one year from the injurious act.  CPLR 215(3).  Therefore the applicable statute of limitations had long expired at the time Plaintiff commenced this action and filed her Complaint.

Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### B.   The Complaint Fails to State a Claim for Breach of Contract

The Complaint fails to allege any term of the relevant collective bargaining agreement ("CBA") between the UFT and the DOE that was allegedly breached. Consequently, the Complaint fails to state a claim for breach of contract.

Even if the Complaint identified a breach of the CBA, it is well settled under New York law that "an individual union member normally lacks standing to enforce the terms of a collective bargaining agreement between the union and the employer." *Spano v Kings Park Cent. School Dist.*, 61 A.D.3d 666, 671 (2d Dept 2009); *see also Hickey v Hempstead Union Free School Dist.*, 36 A.D.3d 760,

2007); *Berlyn v Board of Educ. of E. Meadow Union Free School Dist.*, 80 AD2d 572, 573 (2d Dept 1981), *affd* 55 N.Y.2d 912 (1982).

Plaintiff has no breach of contract claim against the UFT, because she is not a party to the CBA. Plaintiff's only recourse against the UFT is through a claim for breach of the UFT's duty of fair representation, for which Plaintiff has also failed to state a claim. *See*, Points II and III, *supra*.

### C.   The Complaint Fails to State a Claim for Fraud

"To prevail on a fraud claim under New York law, a plaintiff must establish five elements by clear and convincing evidence: 1) the defendant made a material misrepresentation; 2) the defendant knew of its falsity; 3) the defendant possessed an intent to defraud; 4) the plaintiff reasonably relied on the misrepresentation; and 5) the plaintiff suffered damage as a result of the misrepresentation." *Kaye v. Grossman*, 202 F.3d 611, 614 (2d Cir. 2000) (citing *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91, 98 (2d Cir.1997)).

Again, the only factual allegations against the UFT pertain to the refusal of Plaintiff's NYSUT attorney to raise an unmeritorious defense during the course of her disciplinary proceeding. (Compl., ¶¶ 27, 28). Thus, Plaintiff has not alleged any facts that would satisfy *any* of the five elements required to state a claim for fraud under New York law. Nor does the Complaint plead sufficient allegations to state a fraud claim pursuant to *Martin v. Curran*, 303 N.Y. 276 (1951), because the Complaint does not allege that every member of the union ratified the alleged tortious conduct. *See* Point V(A), *supra*.

## VI.    Plaintiff Is Precluded From Challenging Factual or Legal Findings Made By the Arbitrator

Finally, it is well established that preclusive effect may be accorded to findings made on the basis of N.Y. Educ. Law § 3020-a hearings. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 311 (2d Cir. 2005). Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In New York, a later claim is precluded so long as it "aris[es] out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (noting that New York State law, has "adopted a transactional approach to res judicata").

To the extent Plaintiff seeks to challenge the factual or legal findings made by the arbitrator, and confirmed by the Supreme Court pursuant to Article 75 of the CPLR, regarding her guilt of the disciplinary charges or the appropriateness of the penalty of termination, those claims are precluded.  (Compl., ¶¶ 19, 20, 30, 52).

Accordingly, to the extent Plaintiff's claims can be understood to relitigate issues that were addressed or could have been addressed at her N.Y. Educ. Law § 3020-a hearing, or in her application to vacate the Award pursuant to Article 75 of the CPLR, Plaintiff's claims are barred by *res judicata*.

23

## <u>CONCLUSION</u>

For all the foregoing reasons, the UFT's motion to dismiss pursuant to FRCP 12(b)(6) should be granted and Plaintiff's claims against the UFT should be dismissed, with prejudice.

Dated:      October 6, 2021
            New York, New York

                     Respectfully submitted,

                     ARCHER, BYINGTON, GLENNON & LEVINE, LLP
                     *Attorneys for Defendant United Federation of Teachers*


            By:      /s/ *Paul K. Brown*
                     Paul K. Brown
                     1430 Broadway, Suite 1107
                     New York, NY 10018
                     Phone: (631) 249-6565
                     pbrown@abgllaw.com