21-CV-0925 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA ALTERESCU,

                                                                                 Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; RICHARD CARRANZA, CHANCELLOR; and THE UNITED FEDERATION OF TEACHERS,

                                                                                 Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS NEW YORK CITY DEPARTMENT OF EDUCATION AND RICHARD CARRANZA TO DISMISS THE SECOND AMENDED COMPLAINT**

**GEORGIA M. PESTANA**

*Corporation Counsel of the City of New York*
Attorney for the New York City
Department of Education and Richard Carranza
100 Church Street, Room 2-109(C)
New York, New York 10007-2601

*Of Counsel:* Lauren A. Rosenfeld

*Tel*.: (212) 356-3574

1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 4

ARGUMENT .............................................................................................................................. 5

    POINT I .................................................................................................................................. 5

        PLAINTIFF'S CLAIM OF SUBSTANTIAL INTERFERENCE WITH
        CONSTITUTIONALLY GUARANTEED RIGHTS FAILS AS A MATTER OF LAW ..... 5

    POINT II ................................................................................................................................. 8

        PLAINTIFF'S IIED CLAIM CANNOT BE BROUGHT AGAINST DOE DEFENDANTS
        AND FAILS AS A MATTER OF LAW ................................................................................ 8

    POINT III ................................................................................................................................ 9

        PLAINTIFF'S BREACH OF CONTRACT, FRAUD, AND FRAUDULENT
        INDUCEMENT CLAIMS FAIL DUE TO A LACK OF STANDING AND FAILURE TO
        STATE A CLAIM .................................................................................................................. 9

        A.    Breach of Contract ................................................................................................ 9

        B.    Fraud and Deceit ................................................................................................... 9

            1.    Fraudulent Inducement ................................................................................. 10

    POINT IV ............................................................................................................................. 11

        PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM ............................................. 11

    POINT V .............................................................................................................................. 13

        PLAINTIFF'S REMAINING CLAIMS DO NOT PERTAIN TO DOE DEFENDANTS
        AND FAIL TO STATE A CLAIM ..................................................................................... 13

CONCLUSION ......................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

Acito v. IMCERA Grp., Inc., 47 F.3d 47 (2d Cir. 1995)...................................................................... 11
Adams v New York City Tr. Auth., 211 A.D.2d 285 (1st Dep't 1995), aff'd 88 N.Y.2d 116 (App.
  Div. 1st Dep't 1995) ........................................................................................................................ 8, 12
Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338 (2d Cir. 2006)............................... 12
Amusement Indus. v. Buchanan Ingersoll & Rooney, P.C., 2013 U.S. Dist. LEXIS 8569
  (S.D.N.Y. Jan. 22, 2013)..................................................................................................................... 11
Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426 (S.D.N.Y. Aug. 6, 2020) ............ 11, 12
Ashcroft v. Iqbal, 556 U.S. 662 (2009)................................................................................................... 13
Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 2019 U.S. Dist. LEXIS 127555 (S.D.N.Y. July 30,
  2019) .......................................................................................................................................................... 13
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)....................................................................... 13
Berlyn v Bd. of Educ. of E. Meadow Union Free Sch. Dist., 435 N.Y.S.2d 793 (2d Dep't 1981),
  aff'd 55 N.Y.2d 912 (1982) ................................................................................................................... 9
Biehner v. City of N.Y., 2021 U.S. Dist. LEXIS 44003 (S.D.N.Y. Mar. 9, 2021)......................... 9
Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002)....................................................... 6
DePrima v. City of N.Y. Dep't of Educ., 2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. Mar. 20,
  2014) ............................................................................................................................................................ 6
Dillon v. City of New York, 261 A.D.2d 34 (1st Dep't 1999) ............................................................. 8
Giscombe v. New York City Dep't of Ed., 2014 N.Y. Misc. LEXIS 2674 (Sup. Ct. N.Y. Co.
  2014) ............................................................................................................................................................ 7
Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. July 31, 2019)................. 12
Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2d Cir.
  1996) ............................................................................................................................................................ 6
Howell v. New York Post Co., 81 N.Y.2d 115 (1993) ........................................................................ 8
LaBelle v County of St. Lawrence, 85 A.D.2d 759 (3rd Dep't 1981)............................................ 8
Lauer v. City of New York, 240 A.D.2d 543 (2d Dep't 1997).......................................................... 8
Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006)................................................................. 11
Matter of Springer v. Bd. of Educ. Of the City Sch. Dist. of the City of N.Y., 27 N.Y.3d 102
  (2016)........................................................................................................................................................... 7
Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993) ........................................................ 10
Pina-Pena v. NYC Dep't of Educ., 2014 NY Misc. LEXIS 1630 (Sup Ct, N.Y. Co. 2014) .......... 7
Segal v. City of N.Y., 459 F.3d 207 (2d Cir. 2006)............................................................................. 12
Springer v. United States Bank Nat'l Ass'n, No., 2015 U.S. Dist. LEXIS 171734 (S.D.N.Y. Dec.
  23, 2015) ................................................................................................................................................... 10
Van Buskirk v Bleiler, 46 A.D.2d 707 (3rd Dep't 1974)..................................................................... 8
Velez v. Levy, 401 F.3d 75 (2d Cir. 2005) ............................................................................................ 11
Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560 (E.D.N.Y. 2011)...................................... 4
Wheeler v State of New York, 104 A.D.2d 496 (2d Dep't 1984) ................................................... 8
White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255 (S.D.N.Y. Sep. 3, 2014) ........................ 12

**Statutes**
Education Law § 2590-f(1)(b) ................................................................................................... 7
Education Law § 2590-h(38) ..................................................................................................... 7
Education Law § 2590-h(19) ..................................................................................................... 7
New York Education Law 3020-a ..................................................................................... 1, 2, 6

**Rules**
Fed. R. Civ. P. 9(b) .................................................................................................................. 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

FELICIA ALTERESCU,

                                      Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; RICHARD CARRANZA, CHANCELLOR; and THE UNITED FEDERATION OF TEACHERS,

                                      Defendants.

21-CV-00925 (KPF)

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS NEW YORK CITY DEPARTMENT OF EDUCATION AND RICHARD CARRANZA TO DISMISS THE SECOND AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

Defendants New York City Department of Education and Richard Carranza (the "DOE Defendants") submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint as against them. Despite the excess verbiage in the complaint, the factual allegations underlying this case are relatively straightforward.

Plaintiff Felicia Alterescu is a former teacher with the New York City Department of Education ("DOE"). As the complaint reflects, plaintiff was the subject of disciplinary charges during her employment and was afforded a hearing under New York Education Law 3020-a hearing. See SAC ("Second Amended Complaint") at 10 ¶ 28. At the hearing, plaintiff was represented by counsel provided by her union, and after the hearing, the hearing officer found plaintiff guilty of the charges and determined that the appropriate penalty was termination. See

1

SAC at 9-10 ¶¶ 27-31. On June 14, 2018, Plaintiff appealed the 3020-a decision by commencing a Special Proceeding under CPLR Article 75 in the New York State Supreme Court, County of New York, petition, which was dismissed. See SAC at 10 ¶ 32, see also Exh. A.

Nevertheless, plaintiff now alleges in this action that the DOE Defendants and Defendant United Federation of Teachers ("UFT") somehow supposedly "substantial[ly] interfere[ed] with constitutionally guaranteed rights" in supposed violation of the 1st, 4th, 5th, and 14th Amendments, 42 U.S.C. § 1983, Freedom of Speech and Association, Due Process and Equal Protection Rights (First Cause of Action), caused her to suffer the "intentional infliction of emotional distress" (Second Cause of Action), violated the Equal Protection Clause of the 14th Amendment (Third Cause of Action), engaged in "fraud" and breached the Collective Bargaining Agreement (Fourth Cause of Action), engaged in "deceit" (Fifth Cause of Action), engaged in "fraudulent inducement" (Sixth Cause of Action), and violated her right to "equal protection" and supposedly engaged in the "publication" of "derogatory statements" that gives rise to purported "Stigma Plus" claims under the Fourth and Fourteenth Amendments (Seventh Cause of Action).

As set forth more fully below, plaintiff's claims are patently without merit, and the Second Amended Complaint should be dismissed with prejudice.

As set forth in Point I, infra, Plaintiff's first claim of substantial interference with Constitutionally guaranteed rights fails because she was provided a meaningful post deprivation remedy, an Article 75 proceeding after her employment was terminated after a hearing under New York Education Law 3020-a. Additionally, plaintiff's claim fails as a matter of law because plaintiff's claim that the DOE is required to hold an executive session to vote on disciplinary charges is baseless and has been rejected by New York Courts.

As set forth more fully in Point II, infra, the intentional infliction of emotional distress ("IIED") claim cannot be brought against the DOE defendants and, in any event, fails to meet the high requisite standard as plaintiff fails to allege any facts that would indicate that she suffered severe emotional distress.

As set forth more fully in Point III, infra, plaintiff lacks standing to bring a breach of contract claim and her claims of fraud and deceit fail because they lack detail and plaintiff makes nothing more than general conclusory statements. Additionally, since plaintiff does not have standing to bring a breach of contract claim, her fraudulent inducement claim based on the contract fails.

Finally, as set forth in Point IV, infra, plaintiff's stigma plus claim fails because there was no "publication," and plaintiff is essentially basing her claim on the fact that the DOE places an internal code on records of former employees such as plaintiff, whose employment was terminated. Additionally, plaintiff was afforded an adequate process to clear her name – i.e., the unsuccessful Article 75 proceeding plaintiff commenced subsequent to her termination.

In sum, and for all of the foregoing reasons, the Second Amended Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

Plaintiff commenced employment with the DOE in 1992 as a teacher and in 1995, plaintiff was granted tenure. See SAC at 4 ¶¶ 11-12.

On or about November 1, 2017, plaintiff was served with specifications due to her failure (a) to attend a parent teacher conference, (b) to attend eight professional development meetings, and (c) to punch her time card on three occasions. See SAC at 6 ¶ 19.

The specifications were the subject of a hearing under Education Law 3020-a that was held on March 27, 2018 and April 9, 16, 20, 25, and 30, 2018 and then on June 1, 2018. After hearing the testimony and reviewing the evidence submitted, the hearing officer determined that plaintiff did not attend the parent teacher conference and the eight professional development meetings, and found that termination was the appropriate penalty. See SAC at 10 ¶¶ 29, 30; see also Exh. B.

On June 14, 2018, plaintiff challenged the 3020-a determination in a special proceeding under CPLR Article 75. See SAC at 10 ¶ 32. In her petition, plaintiff claimed that termination was not the appropriate penalty, claimed her termination was irrational and shocking to the conscience, an abuse of discretion by the hearing officer and that the termination decision was arbitrary and

---

[1] This statement of facts is derived from the allegations in Plaintiff's Second Amended Complaint herein (ECF Dkt. No. "19") and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only. Where appropriate, the Statement of Facts has been supplemented by the documents annexed to the Declaration of Assistant Corporation Counsel Lauren A. Rosenfeld ("Rosenfeld Decl."). The Court may consider these exhibits on this motion because"(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) [certain] public disclosure documents required by law to be . . . filed . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted). All documents attached to the DOE defendants' motion are incorporated by reference, were in plaintiff's possession and relied upon in framing the Complaint, and/or are public documents subject to judicial notice.

capricious. See id. By Order dated February 25, 2019, Justice John Kelley of the New York State Supreme Court, County of New York, denied plaintiff's petition finding that "there is ample evidence in the record to support the arbitrator's determination." See Exh. A at 4. Additionally, Justice Kelley held that "[t]he penalty of termination from employment does not shock the judicial conscience and is not disproportionate to the petitioner's misconduct. The arbitrator reasonably found that the misconduct was part of a pattern of behavior," prior misconduct, "included her failure to meet required pedagogical standards and her abuse of sick days… the required professional learning-time meetings that [plaintiff] failed to attend were part of her plan of assistance intended to cure pedagogical deficiencies." See id. at 5.

After her termination, plaintiff unsuccessfully applied for several teaching positions both within the DOE and outside of the DOE, and plaintiff was accepted for a substitute teacher position but was later told that her new employer had too many substitutes and did not need her. See SAC at 11, 12 ¶ 34.

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIM OF SUBSTANTIAL INTERFERENCE WITH CONSTITUTIONALLY GUARANTEED RIGHTS FAILS AS A MATTER OF LAW**

In plaintiff's first case of action, plaintiff claims that the DOE defendants violated the 1st, 4th, 5th, & 14th Amendments, 42 U.S.C. §1983 et seq., Freedom of Speech and Association, and Due Process and Equal Protection Rights by charging plaintiff with disciplinary charges and because the 3020-a hearing was not preceded by a vote of an Executive Session by the Panel for Educational Policy. See SAC at 12-14.

5

To state a § 1983 claim for an alleged violation of due process, a plaintiff must show that (1) she possessed a liberty, or property interest protected by the Constitution, or federal statutes; and, (2) she was deprived of that liberty or property interest without due process. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002). The Second Circuit has held that "the Due Process Clause of the Fourteenth Amendment is not violated even when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy." See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996), cert. denied, 521 U.S. 1140 (1997). "The availability of a post-deprivation Article 75 proceeding" is a meaningful post deprivation remedy, therefore "provides sufficient due process." DePrima v. City of N.Y. Dep't of Educ., 2014 U.S. Dist. LEXIS 37866, at *22 (E.D.N.Y. Mar. 20, 2014).

Here, plaintiff was availed of the procedures afforded to teachers under New York Education Law 3020, and thereafter unsuccessfully sought judicial review of the Hearing Officer's determination pursuant to CPLR Article 75. See Exh. A. Plaintiff had full due process.

Plaintiff also claims that her due process rights were violated because DOE did not vote in an Executive Session by the Panel for Educational Policy ("PEP") and she claims the probable cause vote could not be made by the Chancellor, superintendent, or principal. See SAC at 7,8, 13, 14 ¶¶ 23, 42-44. Plaintiff is mistaken as there is no such requirement.

"[T]here is no longer a requirement to have a majority vote of the board of education due to the later-enacted Education Law § 2590 that vested authority in the Chancellor in place of the board of education to delegate said authority to superintendents and others he or she deems appropriate." Giscombe v. New York City Dep't of Ed., 2014 N.Y. Misc. LEXIS 2674, at *10

6

(Sup. Ct. N.Y. Co. 2014); Matter of Springer v. Bd. of Educ. Of the City Sch. Dist. of the City of N.Y., 27 N.Y.3d 102, 106 (2016) ("Pursuant to Education Law § 2590-h, the Chancellor has the authority to promulgate regulations 'necessary or convenient' to the administration of the public school system).

The DOE Chancellor has the statutory authority to exercise the same powers as the Board, including the power to make a probable cause determination against a tenured teacher, and then to delegate that power to the superintendents and to the principals. See Education Law §§ 2590-h(19), 2590-h(38), 2590-f(1)(b). That is precisely what occurred: as set forth in an April 2, 2018 letter from DOE Chancellor, Richard A. Carranza to the Principals of High Schools, pursuant to Education Laws § 2590-h(19) and 3020-a, the Chancellor delegated the authority to "[i]nitiate and resolve disciplinary charges against teaching and supervisory staff members in your school who have completed probation." See Delegation Letter, a copy of which is annexed to the Declaration of Lauren A. Rosenfeld, as Exh. C. "Pursuant to these sections of the law, the Chancellors delegated the relevant authority to the District Superintendent who, in turn, delegated her authority to the local principals." Pina-Pena v. NYC Dep't of Educ, 2014 NY Misc. LEXIS 1630, at 10 (Sup Ct, N.Y. Co. 2014) (citing to cases that rejected petitioner's argument that the charges made against him violated due process); see Education Law § 2590-h(19) (The Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate to modify or rescind any power and duty so delegated."). Specifically, the Chancellor delegates duties and responsibilities "to any member of the teaching or supervisory staff of schools which are not covered under subdivision thirty-eight of this section." See Education Laws § 2590-h(19). As such, the Chancellor properly delegated authority in this matter and the DOE was not required to hold an executive session to vote on disciplinary charges.

7

**POINT II**

**PLAINTIFF'S IIED CLAIM CANNOT BE BROUGHT AGAINST DOE DEFENDANTS AND FAILS AS A MATTER OF LAW**

Plaintiff's claim for intentional infliction of emotional distress fails because as a matter of public policy, it cannot be brought against a government body, such as the DOE. See Dillon v. City of New York, 261 A.D.2d 34, 41 (1st Dep't 1999); Lauer v. City of New York, 240 A.D.2d 543 (2d Dep't 1997); Wheeler v State of New York, 104 A.D.2d 496, 498 (2d Dep't 1984); LaBelle v County of St. Lawrence, 85 A.D.2d 759, 761 (3rd Dep't 1981); Van Buskirk v Bleiler, 46 A.D.2d 707 (3rd Dep't 1974); see also, Adams v New York City Tr. Auth., 211 A.D.2d 285, 294 (1st Dep't 1995), aff'd 88 N.Y.2d 116 (1st Dep't 1995).

Even if plaintiff's claim was not barred as a matter of law, her IIED claim is patently deficient. To state a claim, the conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Howell v. New York Post Co., 81 N.Y.2d 115, 122 (1993). "The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. The first element--outrageous conduct--serves the dual function of filtering out petty and trivial complaints that do not belong in court, and assuring that plaintiff's claim of severe emotional distress is genuine." See id.

Here, plaintiff makes conclusory statements but fails to identify any facts that could demonstrate that she suffered severe emotional distress. Indeed, plaintiff solely claims she sustained economic damages. See SAC at 15 ¶ 48.

8

Therefore, plaintiff's IIED claim cannot be brought against the DOE and even if it could have been brought against the DOE, the claim fails as a matter of law.

## POINT III

**PLAINTIFF'S BREACH OF CONTRACT, FRAUD, AND FRAUDULENT INDUCEMENT CLAIMS FAIL DUE TO A LACK OF STANDING AND FAILURE TO STATE A CLAIM.**

### A. Breach of Contract

Plaintiff's breach of contract claim appears to be based on the contention that actions were taken that did not comport with the Collective Bargaining Agreement ("CBA") between the DOE and the UFT. Even if such claim were accepted at face value, plaintiff does not have a breach of contract claim against the DOE defendants because it is the union, not an employee, who may initiate a claim of breach of contract on such grounds. See Berlyn v Bd. of Educ. of E. Meadow Union Free Sch. Dist., 435 N.Y.S.2d 793, 794 (2d Dep't 1981), aff'd 55 N.Y.2d 912 (1982).

For the same reason, plaintiff lacks standing to assert a purported equal protection claim, which is premised on the same allegations that certain actions did not comport with the CBA. See SAC at 15 ¶¶ 50-55.

### B. Fraud and Deceit

Plaintiff fails to state a claim for fraud and deceit. As the Court explained in Biehner v. City of N.Y., 2021 U.S. Dist. LEXIS 44003, at *22-23 (S.D.N.Y. Mar. 9, 2021):

> Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the

9

> plaintiff reasonably relied; and (5) which caused injury to the plaintiff. Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001). Federal Rule of Civil Procedure 9(b) provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' Fed. R. Civ. P. 9(b). Rule 9(b) requires that a complaint 'specify the time, place, speaker, and content of the alleged misrepresentations.' Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001). Moreover, the plaintiff must 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.' Id. (quoting Conn. Nat'l Bank. v. Fluor Corp., 808 F.2d 957, 962 (2d Cir. 1987).

Furthermore, "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" Springer v. United States Bank Nat'l Ass'n, No., 2015 U.S. Dist. LEXIS 171734, at *32 (S.D.N.Y. Dec. 23, 2015); citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993).

Here, plaintiff fails to identify the time, place, speaker or content of the allegedly fraudulent and deceitful statement and fails to explain how it was fraudulent. Plaintiff simply alleges that there was a "[f]raudulent concealment of a non-existent waiver of the rights of tenured employees to the tenure law Education Law 3020-a(2)(a) by the NYCDOE [which] cannot be sanctioned." See SAC at 16 ¶ 57.  No details are provided. See, e.g., SAC at 12, 14, 18 ¶¶ 39, 43, 63, 64.

Without the necessary detail to support the allegation, plaintiff's claims of fraud and deceit must be dismissed.

### 1. Fraudulent Inducement

"Fraudulent inducement sounds in fraud and Federal Rule of Civil Procedure 9(b) provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Amusement Indus. v. Buchanan Ingersoll & Rooney, P.C., 2013

10

U.S. Dist. LEXIS 8569, at *33 (S.D.N.Y. Jan. 22, 2013), citing Fed. R. Civ. P. 9(b). Additionally, "a plaintiff 'must allege facts that give rise to a strong inference of fraudulent intent.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Acito v. IMCERA Grp., Inc., 47 F.3d 47, 52 (2d Cir. 1995)).

In the case at bar, plaintiff uses buzz words and makes conclusory allegations which lack specificity and particularity. See SAC 18, 19 ¶¶ 66-69. In any event, if plaintiff is claiming that the CBA was the product of "fraudulent inducement," she lacks standing to assert such a claim which would belong to her union. See Point III(A), supra.

## POINT IV

### PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM.

Plaintiff complains that a problem code ("list") was placed on her personnel file (Am. Compl. at ¶ 23), and alleges that the DOE defendants violated the First Amendment under a stigma plus theory. As the Court explained in Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *33-34 (S.D.N.Y. Aug. 6, 2020), citing Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005):

> The Second Circuit has determined that a plaintiff can bring a stigma plus claim, alleging that the stigma suffered amounts to a constitutionally recognized deprivation of liberty without due process, if she successfully 'allege[s] (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'… [t]he defamatory statement must be sufficiently public to create or threaten a stigma.

Plaintiff cannot meet any of these requirements.

First, plaintiff does not have a stigma plus claim because the alleged problem code pertains to an internal record of the DOE, and is not made public to potential employers. See Arroyo, supra,

11

2020 U.S. Dist. LEXIS 141426, at *35, citing White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255, at *13 (S.D.N.Y. Sep. 3, 2014) ("[B]ecause Plaintiff fails to allege facts indicating that the 'ineligible/inquiry' . . . list[ ] were public to future employers, she fails to state a 'stigma plus' claim").

While plaintiff herein does claim that the DOE defendants supposedly published the list to the press and the FBI, this allegations is entirely conclusory and lacks detail and specificity. See Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that bald assertions and conclusory statements are insufficient at the pleading stage). Plaintiff fails to specify where in the press the list was published or when this publication supposedly took place. Plaintiff also fails to state how potential employers were aware of the list.

Second, plaintiff does not have a cognizable claim because what she is complaining of is the fact that Defendant DOE's internal records accurately reflect the fact that plaintiff's employment was terminated. Even construing this as a stigma plus claim, Plaintiff has not pled any facts suggesting DOE defendants "made false and stigmatizing statements about her," pertaining to her ability to pursue her profession. See Segal v. City of N.Y., 459 F.3d 207, 212 (2d Cir. 2006).

Third, many courts have held that having a code placed in DOE internal records is insufficient to state a stigma plus claim. See Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *34 (S.D.N.Y. Aug. 6, 2020), Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545 at *10-11 (S.D.N.Y. July 31, 2019), Adams v. N.Y. State Educ. Dep't., 752 F. Supp. 2d 420 at 454-55 (S.D.N.Y. 2010).

In any event, even if plaintiff had a stigma plus claim, her claim fails because she was afforded an adequate process to clear her name. See id. An, "Article 78 hearing provides plaintiff

12

with the necessary mechanism to clear her name with a low risk of an erroneous deprivation." Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 2019 U.S. Dist. LEXIS 127555, at *26 (S.D.N.Y. July 30, 2019). In the case at bar, plaintiff filed an Article 75 petition and therefore, she had a chance to clear her name. The weak nature of her stigma plus claim is amplified by the fact that the New York County Supreme Court dismissed her Article 75 petition and upheld the termination of her employment on account of substantiated charges of misconduct.

## POINT V

### PLAINTIFF'S REMAINING CLAIMS DO NOT PERTAIN TO DOE DEFENDANTS AND FAIL TO STATE A CLAIM.

Plaintiff's claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, specifically for being denied the opportunity to choose the arbitrator for her 3020-a hearing, does not appear to pertain to the DOE Defendants.

In any event, plaintiff's remaining claims should be dismissed. At the pleading stage, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (citation and internal quotation marks omitted). That is the case for plaintiff's remaining vague claims purportedly alleging violations of the 1st, 4th and 5th Amendments.

## CONCLUSION

For the foregoing reasons, the DOE defendants respectfully request that the Court grant the DOE Defendants' Motion to Dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            October 6, 2021

                                        **GEORGIA M. PESTANA**
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for DOE Defendants
                                        100 Church Street, Room 2-109(C)
                                        New York, New York 10007
                                        (212) 356-3574
                                        lrosenfe@law.nyc.gov

                            By:    /s/ *Lauren A. Rosenfeld*
                                        Lauren A. Rosenfeld
                                        Assistant Corporation Counsel

Lawrence Profeta,
Lauren A. Rosenfeld,
Of Counsel.