# EXHIBIT "A"

| |
|---|
| **Matter of Alterescu v Department of Educ. of the City Sch. Dist. of the City of N.Y.** |
| 2019 NY Slip Op 30476(U) |
| February 25, 2019 |
| Supreme Court, New York County |
| Docket Number: 653007/2018 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. JOHN J. KELLEY** | **PART** | **IAS MOTION 56EFM** |
| | *Justice* | | |

-----------------------------------------------------------------X

In the Matter of

FELICIA ALTERESCU

                      Petitioner,

                      - v -

THE DEPARTMENT OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

                      Respondent.

-----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653007/2018 |
| **MOTION DATE** | 07/11/2018 |
| **MOTION SEQ. NO.** | 001 |

**DECISION AND ORDER**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD .

      In this CPLR article 75 proceeding, the petitioner seeks to vacate an arbitrator's award, made after a compulsory arbitration, that sustained charges of chronic absenteeism and delinquency, and thereupon terminated her position as a public-school teacher with the respondent, New York City Department of Education (hereinafter the DOE). The DOE cross-moves pursuant to CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action. The cross motion is denied. The petition is denied and the proceeding is dismissed.

      The petitioner, Felicia Alterescu, was a teacher at Public School 32 in Flushing. The DOE preferred five charges against her pursuant to Education Law § 3020-a, alleging that she engaged in misconduct during the 2016-2017 school year, seccifically: (1) that she failed to attend a parent-teacher conference on March 9, 2017; (2) that she lied about her whereabouts during that conference; (3) that she failed to attend eight professional learning-time meetings during spring 2017; (4) that she failed to punch her time card when arriving late to school on three occasions; and (5) that, by committing these violations, the petitioner created an undue burden on the school.

653007/2018   ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION        Page 1 of 6
Motion No. 001

1 of 6

The charges, which were the subject of compulsory arbitration, as mandated by Education Law § 3020-a, were heard by an arbitrator. After a hearing, arbitrator Mary J. O'Connell issued a 35-page Final Opinion and Award dated June 1, 2018, sustaining all of the charges, and recommending termination of the petitioner's employment as a penalty, based on her findings in connection with Charge Nos. 1 and 3. The petitioner commenced this proceeding pursuant to CPLR Section 7511(b) to vacate the award, arguing that the finding of misconduct was arbitrary and capricious and that the penalty imposed was disproportionate to the offense committed, thus constituting an abuse of discretion as a matter of law.

Education Law § 3020-a(5) provides that judicial review of the findings made by a hearing officer or arbitrator after an arbitration hearing must be conducted pursuant to CPLR 7511. Under this provision, an award may only be vacated upon a showing of "misconduct, bias, excess of power or procedural defects" (*Matter of Austin v Board of Educ. of City Sch. Dist. of City of N.Y.*, 280 AD2d 365, 365 [1st Dept 2001]). Nevertheless, where, as here, the parties have submitted to compulsory arbitration, judicial scrutiny is stricter than that for a determination rendered where the parties have submitted to voluntary arbitration (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Lackow v Department of Educ. of City of New York*, 51 AD3d 563, 567-568 [1st Dept 2008] [citations omitted]). Thus, the determination must be in accord with due process, must be supported by adequate evidence, and must be rational and satisfy the arbitrary and capricious standard of CPLR article 78 (*see Matter of Lackow v Dept. of Educ. of City of New York*, 51 AD3d at 567). The party challenging an arbitration determination has the burden of showing its invalidity (*see id.* at 568; *see also Matter of Dikovskiy v New York City Bd. of Educ.*, 157 AD3d 501, 501-502 [1st Dept 2018]; *Matter of Asch v New York City Bd./Dept. of Educ.*, 104 AD3d 415, 418-419 [1st Dept 2013]).

653007/2018  ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION                     Page 2 of 6
Motion No. 001

2 of 6

Contrary to the DOE's contention, the petition states a cause of action. When assessing the adequacy of a complaint in the context of a CPLR 3211(a)(7) motion to dismiss, the court's role is "to determine whether plaintiffs' pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). On such a motion, the pleading is to be afforded a liberal construction, the facts alleged in the complaint must be deemed true, and the plaintiffs must be accorded the benefit of every possible favorable inference (*see id.*; *see also Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 887 [2013]; *Simkin v Blank*, 19 NY3d 46, 52 [2012]; CPLR 3026). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 152 [internal quotation marks omitted]; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d at 887; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Thus, the court should determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88). Here, the petitioner has met this liberal standard of pleading by contending that the compulsory arbitration award was arbitrary and capricious and that the resulting penalty was disproportionate to the offense.

Where, as here, the court considers evidentiary material beyond the petition, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*Id.*). The DOE argues that the petitioner's own admissions concerning her whereabouts during the meetings in question confirm that she did not perform her duty, and thus defeat the allegations in the petition. The validity and credibility of those excuses, however, presented only evidence to be weighed by the arbitrator. The DOE has therefore failed to demonstrate that a material fact claimed by the

653007/2018 ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION
Motion No. 001	Page 3 of 6

3 of 6

pleader is not a fact at all and that there is no significant dispute over it. Hence, the cross motion to dismiss the petition must be denied.

While denial of the motion generally would require a respondent to serve an answer, under the circumstances presented here, there is no need for the DOE to answer, as the facts have been fully presented in the parties' papers, no factual dispute remains, and the DOE will not be prejudiced if it doesn't file an answer (see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100 [1984]; Matter of Applewhite v Board of Educ. of the City Sch. Dist. of the City of N.Y., 115 AD3d 427 [1st Dept 2014]; Matter of Camacho v Kelly, 57 AD3d 297 [1st Dept 2008]). Thus, upon denying the cross motion to dismiss, the court will consider the merits of the petition.

The petition must be denied. An arbitration award is considered arbitrary and capricious when it is made "without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. 34 NY2d at 231). Thus, the court must determine whether there was a rational basis in the record that supports the arbitrator's decision (see Matter of Eilenberg v City of New York, 2017 NY Misc LEXIS 223, *5 [Sup Ct, N.Y. County, Jan. 18, 2017]). Here, there is ample evidence in the record to support the arbitrator's determination. Although the petitioner contends that she did not attend the parent-teacher conference because she had not been specifically assigned to attend it, the record reflects that, although she was present at the school when the conference was conducted, she did not ask anyone where she should report, as she was required to do. The petitioner's contention that it was sufficient under school policy to merely be at the premises during the conference was contradicted by the principal's testimony; therefore, it was rational for the arbitrator to conclude that petitioner was inappropriately absent for not reporting to the room where the conference was taking place. Furthermore, the petitioner's claim that she did not have notice about her duty to attend the professional learning-time meetings is contradicted by testimony that she was reminded firmly of the place and time of those sessions. Because an

653007/2018  ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION                    Page 4 of 6
Motion No. 001

4 of 6

arbitrator or hearing officer observes the witnesses and generally is in a better position to determine credibility issues, his or her credibility determinations "are largely unreviewable" (*Lackow*, 51 AD3d at 568, quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). The court must thus defer to the arbitrator in connection with these findings. Hence, the finding of misconduct based on chronic absenteeism is not arbitrary and capricious.

"The standard for reviewing a penalty imposed after a hearing pursuant to Education Law § 3020-a is whether the punishment of dismissal was so disproportionate to the offenses as to be shocking to the court's sense of fairness" (*Matter of Lackow v Dept. of Educ. of City of New York*, 51 AD3d at 569; *see Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 285 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 313 NE2d 321, 356 NYS2d 833 [1974]; *see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]).

The penalty of termination from employment does not shock the judicial conscience and is not disproportionate to the petitioner's misconduct. The arbitrator reasonably found that the misconduct was part of a pattern of behavior. The court rejects the petitioner's argument that the misconduct here is unlike prior misconduct, which included her failure to meet required pedagogical standards and her abuse of sick days. On the contrary, the required professional learning-time meetings that she failed to attend were part of her plan of assistance intended to cure pedagogical deficiencies. Even standing alone, these absences could be considered sufficient to constitute a neglect of duty and conduct unbefitting a professional. The petitioner was on notice, based on previous disciplinary penalties--- including suspension---that further misconduct could result in termination of her employment. Thus, the termination of the petitioner's employment was not disproportionate to the offenses committed.

The petitioner's remaining contentions are without merit.

Accordingly, it is,

653007/2018 ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION
Motion No. 001

Page 5 of 6

5 of 6

ORDERED that the respondent's cross motion to dismiss the petitioner is denied; and it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the Court.

2/25/2019
DATE

JOHN J. KELLEY, J.S.C.

HON. JOHN J. KELLEY
J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

653007/2018 ALTERESCU, FELICIA vs. DEPARTMENT OF EDUCATION            Page 6 of 6
Motion No. 001

6 of 6