UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
FELICIA ALTERESCU,

                              Plaintiff,

              -against-
                                                Case No. 21-CV-00925-KPF

NEW YORK CITY DEPARTMENT OF
EDUCATION; RICHARD CARRANZA,
CHANCELLOR; and THE UNITED
FEDERATION OF TEACHERS

                              Defendants.
————————————————————————X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS THE AMENDED COMPLAINT AS TO
<u>DEFENDANT UNITED FEDERATION OF TEACHERS</u>**


ARCHER, BYINGTON, GLENNON & LEVINE, LLP
*Attorneys for Defendant United Federation of Teachers*
1430 Broadway, Suite 1107
New York, NY 10018
Phone: (631) 249-6565
pbrown@abgllaw.com


*On the Brief:*
Paul K. Brown

## TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii, iv

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT IN REPLY ............................................................................................. 1

I.      PLAINTIFF FAILS TO ADDRESS THE AMENDED
        COMPLAINT'S FAILURE TO STATE A CLAIM FOR
        BREACH OF THE DUTY OF FAIR REPRESENTATION ......................... 1

II.     THE LIMITATIONS PERIOD SHOULD NOT BE EXTENDED ............... 3

III.    PLAINTIFF CONTINUES TO MISINTERPRET THE
        EDUCATION LAW .................................................................................. 5

IV.     *MARTIN V. CURRAN* REMAINS GOOD LAW AND NO
        EXCEPTION APPLIES ............................................................................. 7

V.      PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE
        DEFICIENT AS TO THE UFT ................................................................ 8

VI.     PLAINTIFF CONFUSES ISSUE PRECLUSION WITH
        CLAIM PRECLUSION ............................................................................. 10

CONCLUSION ........................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010)............... 9

*Alston v. Transp. Workers Union*, 225 A.D.2d 424 (1st Dept 1996); CPLR 217(2)(a)................. 3

*Building Industry Fund*, 992 F. Supp. 192, 194-195 (E.D.N.Y. 1996) ......................................... 8

*Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) .................................................................... 9

*Friedl v. City of New York*, 210 F.3d 79, 81 (2d Cir. 2000) ........................................................... 1

*Green v. Dep't of Educ. of N.Y.C.* Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, 5-6
    (S.D.N.Y. July 31, 2019)........................................................................................................ 2, 6

*Gyadu v. Hartford Ins. Co.*, 197 F.3d 590 (2d Cir. 1999) ............................................................... 9

*Herington v. Civil Serv. Emps.*, 130 A.D.2d 961, 962 (4th Dept 1987 ......................................... 2

*Jacobs v. Mostow*, 271 Fed. App'x. 85, 89 (2d Cir. 2008) ............................................................. 9

*Martin v. Curran*, 303 N.Y. 276 (1951) ......................................................................................... 7

*Morrissey v. National Maritime Union of America*, 544 F.2d 19, 33 (2d Cir. 1976) .................... 8

*Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140, 147 (2014)........................................................... 7

*Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002)................................ 2, 4

*Rosalie Cardinale v. New York City Department of Education*, Index No. 85165-2017 [Sup. Ct.
    Richmond Cty. 2017] ............................................................................................................... 6

*Russo v. United Fed'n of Teachers*, 189 A.D.3d 562, 563 (1st Dept 2020) .................................. 4

*Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 689 (S.D.N.Y. 2007) ............................... 2

*Splinters, Inc. v. Greenfield*, 63 A.D.3d 717, 719 (2d Dept. 2009). ............................................. 4

*Vaca v. Sipes*, 386 U.S. 171, 190 (1967) ........................................................................................ 2

*Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)................................................. 1

**Statutes**

CPLR 215(3)...................................................................................................................................... 5

CPLR 217(2)(a) ......................................................................................................................... 2, 3, 4

CPLR 3012........................................................................................................................................ 4

N.Y. Educ. Law § 2590-f(1)(b) ....................................................................................................... 5

N.Y. Educ. Law § 2590-h(19) ......................................................................................................... 5

N.Y. Educ. Law § 2590-h(38) ................................................................................. 5, 6

N.Y. Educ. Law § 3020-a(2) ............................................................................... 5, 6, 7

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................ 1

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in further support of the motion to dismiss the amended complaint (ECF 19) as to the United Federation of Teachers ("UFT") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff fails to address several fundamental defects in her amended complaint, and the UFT's motion to dismiss should be granted.

In addition, the Court should not consider materials outside the pleadings in ruling on the motions to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 81 (2d Cir. 2000). A plaintiff may not amend his pleading through his opposition brief. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Plaintiff's factual assertions raised for the first time in Plaintiff's opposition papers are not properly considered by the Court on a motion to dismiss as that would constitute improper reliance on matters outside of the pleadings.

## ARGUMENT IN REPLY

### I.   Plaintiff Fails To Address The Amended Complaint's Failure To State A Claim For Breach of the Duty of Fair Representation

Plaintiff's opposition confirms that the sole factual allegation against the UFT pertains to the adequacy of her legal defense, provided by her New York State United Teachers ("NYSUT")[1] attorney, in connection with disciplinary charges brought against her by Defendant New York City Department of Education (the "Department"). Essentially, Plaintiff wanted her NYSUT attorney to make certain

---

[1] The UFT is affiliated with NYSUT and provides representation to unit employees facing Education Law § 3020-a disciplinary charges through NYSUT.

legal arguments during her disciplinary hearing in 2018. (*See*, ECF 30, pp. 5-15).

The allegations against the UFT therefore distill to an alleged breach of the duty of fair representation. *Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002) ("The allegations by plaintiff against defendant union clearly constitute a claim that he was improperly represented by such union, not one for breach of contract as plaintiff urges in opposing dismissal of his claim…"); *accord*, *Herington v. Civil Serv. Emps.*, 130 A.D.2d 961, 962 (4th Dept 1987) (plaintiff's "sole remedy is an action for breach of fair representation") (citations omitted).

To state a claim for breach of the duty of fair representation, a plaintiff must allege that a union acted arbitrarily, discriminatorily, or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 689 (S.D.N.Y. 2007). It is well settled that an "employee's dissatisfaction with the manner in which the union conducted the representation," does not constitute sufficient grounds to support a claim for breach of the duty of fair representation. *Saidin*, 498 F. Supp. 2d at 689 (citations omitted).

Plaintiff has not plausibly alleged that the UFT (through the attorney of its affiliate, NYSUT) acted arbitrarily, discriminatorily, or in bad faith. Rather, Plaintiff merely disagrees with the well-founded interpretation of the Educ. Law made by her NYSUT attorney, this Court, and "numerous state courts," regarding the Chancellor's authority to delegate the process of preferring disciplinary charges against tenured teachers. *E.g.*, *Green v. Dep't of Educ. of N.Y.C.*, Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, *5-6 (S.D.N.Y. July 31, 2019) (recognizing "numerous state courts"

have interpreted the Educ. Law as authorizing the Chancellor to delegate authority over probable cause determinations and the preferral of disciplinary charges against tenured teachers in New York City). The UFT is under no obligation to pursue a defense it believes is unmeritorious on behalf of any member, let alone pursue a defense that has been soundly rejected—again and again—by the courts. *See*, Point III, *infra*.

Accordingly, the amended complaint fails to state a claim for breach of the duty of fair representation.

## II.   The Limitations Period Should Not Be Extended

The applicable statute of limitations period for an alleged breach of the duty of fair representation expired four months from the date Plaintiff knew or should have known the alleged breach occurred. *Alston v. Transp. Workers Union*, 225 A.D.2d 424 (1st Dept 1996); CPLR 217(2)(a). Plaintiff inaptly invokes "fraudulent concealment" in an attempt to extend the statute of limitations period on her various claims. (ECF 30, pp. 22-24). However, the allegations made in her own complaint contradict this argument, as Plaintiff alleges that she received written notice—in April 2018—of the UFT's conduct, through its affiliate.

Specifically, Plaintiff alleges that she demanded that her NYSUT attorney take certain legal positions during the course of her disciplinary hearing in March and April of 2018. (ECF 19, ¶ 28). According to the amended complaint, Plaintiff's NYSUT attorney unequivocally refused to make the unmeritorious legal arguments urged by Plaintiff at that time. (ECF 19, ¶¶ 26-27). Indeed, Plaintiff references—but

does not attach—a letter dated April 23, 2018, wherein her NYSUT attorney advised her in writing that he would not do so. *Id*. Therefore, the amended complaint establishes that Plaintiff received written notice on or about April 23, 2018 of the conduct upon which Plaintiff bases her claims against the UFT. Consequently, any claim for breach of the duty of fair representation brought after August 23, 2018 is time barred. CPLR 217(2)(a).

Plaintiff did not commence the instant action until November 23, 2020. Even then, Plaintiff failed to file a complaint until June 4, 2021. Thus, Plaintiff's claims against the UFT are untimely by several years. [2]

Finally, although Plaintiff continues to mischaracterize the nature of her claims, courts have rejected attempts to circumvent the applicable four-month limitations period by mischaracterizing breach of the duty of fair representation claims under different theories. *Russo v. United Fed'n of Teachers*, 189 A.D.3d 562, 563 (1st Dept 2020); *Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002) ("The expedient of characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period prescribed in CPLR 217(2)(a)"). As Plaintiff's claim involves her dissatisfaction with the representation provided by her former union in a disciplinary proceeding brought by her former employer, it is properly considered as a deficient

---

[2] Plaintiff's complaint is also untimely pursuant to CPLR 3012. Plaintiff commenced this action in Supreme Court, New York County by summons with notice, without serving a complaint. (*See* ECF No. 5). Plaintiff then failed to file her complaint within 20 days of the UFT's demand on January 25, 2021, as required by CPLR 3012. (ECF 28, Ex. "B"). Plaintiff did not file her complaint until June 4, 2021. (ECF 11).

and untimely breach of the duty of fair representation claim. *See*, Point I, *supra*.

Therefore, even if the amended complaint stated a claim for breach of the duty of fair representation—which it does not—such a claim would be untimely and must be dismissed as untimely.[3]

### III.    Plaintiff Continues To Misinterpret The Education Law

As an initial matter, Plaintiff's disagreement with her NYSUT attorney's interpretation of the Educ. Law—in March and April of 2018—does not state a claim for breach of the duty of fair representation, which requires a plausible allegation that the UFT acted arbitrarily, discriminatorily, or in bad faith. *See*, Point I, *supra*.

In any event, Plaintiff's interpretation of the Educ. Law is wrong. This is not a case of first impression. Courts have repeatedly and exhaustively examined the issues raised by Plaintiff here and have recognized that the Educ. Law authorizes certain alternative procedures in New York City. This Court has succinctly explained the relevant statutory scheme as follows:

> N.Y. Educ. Law § 2590-h(38) gives the Chancellor the power "[t]o exercise all of the duties and responsibilities of the employing board as set forth in [§ 3020-a] […] N.Y. Educ. Law § 3020-a(2) gives the "employing board" the power to determine [*6] whether probable cause exists to bring disciplinary charges against an employee following a vote of the majority of all of its members in executive session. N.Y. Educ. Law § 2590-h(19) provides that the Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated." N.Y. Educ. Law § 2590-f(1)(b)

---

[3] The statute of limitations for intentional infliction of emotional distress claims expires one year from the injurious act; therefore, any such claim—even were it properly pleaded—would also be time barred. CPLR 215(3).

> further provides that in New York City, the superintendent
> shall have the power "to delegate any of her or his powers
> and duties to such subordinate officers or employees of her
> or his community district as she or he deems appropriate,
> at his or her sole discretion, and to modify or rescind any
> power and duty so delegated."

*Green v. Dep't of Educ. of N.Y.C.* Case No. 18 CIV 10817 (AT) (GWG), 2019 BL 283105, 5-6 (S.D.N.Y. July 31, 2019).[4]   In sum, the Chancellor is expressly authorized to exercise the powers of the employing board pursuant to Educ. Law § 3020-a. N.Y. Educ. Law § 2590-h(38). These powers include the determination of probable cause and preferral of disciplinary charges against tenured teachers. N.Y. Educ. Law § 3020-a(2). And, the Chancellor may delegate any of her powers to superintendents, who may then delegate any of their powers to school principals. N.Y. Educ. Law §§ 2590-h(19), 2590-f(1)(b). Educ. Law § 3020 also expressly permits the issuance of discipline pursuant to "alternative disciplinary procedures contained in a collective bargaining agreement." N.Y. Educ. Law § 3020(1). Plaintiff largely ignores this clear statutory language, as well as the ever-growing mountain of case law interpreting it, including the cases string cited in the UFT's brief. (ECF 29, pp. 11-12).

Instead, Plaintiff misquotes the statutory language and argues—citing no authority—that the Chancellor's power to delegate should be limited to the "preferring of charges." (ECF 30, p. 12). However, the statutory language contains no such restrictions. Educ. Law Law § 2590-h(38), which is found in Article 52-A,

---

[4] Plaintiff's assertion that the "[c]ourt decisions citing the alternate procedures supported by Defendants are dated before…2017…",(ECF 30, p. 10), is wrong. *Id.* (July 2019 decision finding *Rosalie Cardinale v. New York City Department of Education*, Index No. 85165-2017 [Sup. Ct. Richmond Cty. 2017] "unpersuasive").

explicitly grants the Chancellor the power "[t]o exercise *all of the duties and responsibilities of the employing board **as set forth in [§ 3020-a]*** of this chapter..." This includes the employing board's authority to determine whether probable cause exists. N.Y. Educ. Law § 3020-a(2). The statute (under Article 52-A) unambiguously links the Chancellor's powers to the powers of an employing board pursuant to Educ. Law § 3020-a, rather than separating them, as Plaintiff suggests. These provisions of the Educ. Law are unambiguous and should be afforded their plain meaning.

## IV.    *Martin v. Curran* Remains Good Law And No Exception Applies

To state a cause of action for an intentional tort against an unincorporated association, a plaintiff must "plead and prove that each member of the union authorized or ratified the alleged wrongful conduct." *Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140, 147 (2014) (citing *Martin v. Curran*, 303 N.Y. 276, 280 [1951]). *Martin v. Curran*, 303 N.Y. 276 (1951) ("*Martin v. Curran*") has never been overturned.

Plaintiff raises the limited exception announced in *Madden v. Atkins*, 4 N.Y.2d 283 (1958) ("*Madden*") concerning the wrongful expulsion of a union member through a vote of the membership, which has nothing to do with the facts of this case. (ECF 30, pp. 7-8). Indeed, the Court of Appeals has rejected expansion of the narrow *Madden* exception beyond its facts, explaining:

> [S]even years after *Martin*, we carved out a narrow exception to
> the *Martin* rule in *Madden v Atkins* [...] which held that *Martin*
> is inapplicable to a suit by a union member against a union
> arising from wrongful expulsion. Plaintiffs argument that we
> should apply *Madden* here is unpersuasive. We distinguished
> *Madden* from *Martin* because in *Madden*, the wrongful expulsion
> was effected through a vote by the membership [...]. Here, there
> is no evidence that the Union membership voted on whether to

> submit plaintiffs grievances to arbitration or took any similar
> action.

*Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014) (upholding *Martin v. Curran*);
*see also*, *Morrissey v. National Maritime Union of America*, 544 F.2d 19, 33 (2d Cir.
1976) (plaintiff failed to demonstrate ratification of tortious acts by every member of
union as required by *Martin*, remarking that *Madden* did not restrict *Martin* except
to dispense with 100% ratification in "a suit by a union member against a union for
damages arising from a wrongful expulsion,…[although] even in that case [the court]
required some participation by the membership"); *Building Industry Fund*, 992 F.
Supp. 192, 194-195 (E.D.N.Y. 1996) (finding plaintiff failed to allege membership
ratification as required by *Martin*, and ruling *Madden* inapplicable "[s]ince this case
does not involve a claim of wrongful expulsion").

This case does not involve the wrongful expulsion of a member from a union
after a vote of the membership. Thus, the limited *Madden* exception does not apply
and Plaintiff's intentional tort claims for fraud and intentional infliction of emotional
distress must be dismissed as to the UFT.

In addition, Plaintiff has failed to allege necessary elements of her claims for
fraud,[5] intentional infliction of emotional distress, and breach of contract.

## V.    Plaintiff's Constitutional Claims Are Deficient As To The UFT

Plaintiff does not plausibly allege any facts that the UFT conspired with the
Department to deprive her of her constitutional rights. Rather, Plaintiff makes the

---

[5] Plaintiff's opposition also appears to concede that her fraud claim is untimely. (ECF
30, p. 21) (arguing the timeliness of all causes of action "other than fraud").

conclusory and incredible assertions that the UFT and the Department "conspired to silence any discussion […] in order to promote their agenda of terminating Plaintiff," and that the UFT had a "secret narrative for [Plainitff's] life and career." (ECF, 30, pp. 20-21). A "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590 (2d Cir. 1999). Plaintiff's conclusory statements—even if pleaded in the complaint—would not state a claim.

Furthermore, Plaintiff failed to state a claim for the alleged underlying procedural due process violation.  Plaintiff received written notice of the charges against her, participated in an evidentiary hearing, had the opportunity to present evidence and defend herself, and availed herself of the procedures contained in Article 75 of the CPLR to challenge the resultant arbitration award. *Jacobs v. Mostow*, 271 Fed. App'x. 85, 89 (2d Cir. 2008); *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010) (alleged deprivation of charges not brought pursuant to vote of the school board, did "not affect whether a tenured teacher receives oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story, as due process requires"); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) (addressing post-deprivation procedures to remedy alleged violations of procedural due process rights). As there is no constitutional violation, there can be no civil conspiracy claim. *See*, *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009).

## VI.    Plaintiff Confuses Issue Preclusion With Claim Preclusion

The Second Circuit has characterized the doctrine of *res judicata* as a river divided into two branches: claim preclusion (often known as *res judicata*) and issue preclusion (or collateral estoppel). *Murphy v. Gallagher*, 761 F.2d 878 (2d Cir. 1985).

Plaintiff is precluded from relitigating issues that were or could have been raised in the Article 75 proceeding. As in her amended complaint, Plaintiff continues to sprinkle her opposition papers with attempts to relitigate the appropriateness of the penalty of termination. (ECF 30, pp. 3, 5) (challenging misconduct as not "reaching the standard" for disciplinary charges or termination); (ECF 19, ¶¶ 19, 20, 30, 52).

To the extent Plaintiff's claims can be understood to challenge issues that were addressed or could have been addressed at her Educ. Law § 3020-a hearing, or in her Article 75 proceeding, Plaintiff's claims are barred by *res judicata*.

## **CONCLUSION**

For all the foregoing reasons, the UFT's motion to dismiss pursuant to FRCP 12(b)(6) should be granted.

Dated:   November 30, 2021
         New York, New York

                                 Respectfully submitted,


                        By:   */s/ Paul K. Brown*
                              Paul K. Brown
                              Archer, Byington, Glennon, and Levine, LLP
                              *Attorneys for Defendant UFT*
                              1430 Broadway, Suite 1107
                              New York, NY 10018
                              (631) 249-6565