21-CV-0925 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA ALTERESCU,

Plaintiff,

-against-

NEW    YORK    CITY    DEPARTMENT    OF
EDUCATION;       RICHARD       CARRANZA,
CHANCELLOR; and THE UNITED FEDERATION
OF TEACHERS,

Defendants.

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEPARTMENT OF
EDUCATION DEFENDANTS' MOTION TO
DISMISS**

**GEORGIA M. PESTANA**
*Corporation Counsel of the City of New York*
Attorney for the New York City
Department of Education and Richard Carranza
100 Church Street, Room 2-122
New York, New York 10007-2601

*Of Counsel:* Lauren A. Rosenfeld

*Tel.:* (212) 356-3574

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

    POINT I ......................................................................................................................... 2

        PLAINTIFF'S CONSTITUTIONAL RIGHTS AND DUE PROCESS CLAIMS MUST BE DENIED DUE TO A LACK OF NON-CONCLUSORY ALLEGATIONS. ........... 2

    POINT II ........................................................................................................................ 3

        PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM. ........................................ 3

    POINT III ....................................................................................................................... 5

        PLAINTIFF FAILS TO STATE A CLAIM OF FRAUD. ............................................. 5

    POINT IV ....................................................................................................................... 6

        PLAINTIFF FAILS TO ADDRESS THAT HER CLAIMS ARE BARRED BY RES JUDICATA. ........................................................................................................... 6

    POINT V ........................................................................................................................ 6

        PLAINTIFF OFFERS NO SUPPORT FOR HER ARGUMENT THAT SHE STATES A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. ........... 6

    POINT VI ....................................................................................................................... 7

        PLAINTIFF ABANDONED HER BREACH OF CONTRACT CLAIM AGAINST DOE DEFENDANTS. ........................................................................................... 7

CONCLUSION ..................................................................................................................... 8

## PRELIMINARY STATEMENT

Defendant New York City Department of Education ("DOE"), and Richard Caranza, former Chancellor of the DOE (collectively, "DOE defendants") respectfully submit this reply to Plaintiff's Memorandum of Law in Opposition ("Opposition" or "Pl. Opp.") to DOE defendants' Motion to Dismiss and in further support of their motion to dismiss. (DOE defendants' moving brief is referred to herein as "DOE Def. Mem.").

Plaintiff, a former New York City Department of Education ("DOE") teacher, who previously unsuccessfully challenged her termination in a 2018 Article 75 proceeding under New York law, brings the claims of substantial interference with Constitutionally guaranteed rights, including the Equal Protection Clause and an alleged "stigma plus" claim, intentional infliction of emotional distress, and claims defendants engaged in fraud, breach of contract, deceit and fraudulent inducement, and lastly plaintiff brings a stigma plus claim. DOE defendants are the New York City Department of Education and Richard Carranza (collectively, "DOE Defendants").

Plaintiff's opposition fails to adequately respond to DOE defendants' assertions in their moving papers that:  Plaintiff's claim of substantial interference with constitutionally guaranteed rights fails as a matter of law because plaintiff's allegations are conclusory; her stigma plus claim fails because the challenged material is only published internally; and plaintiff lacks standing and fails to state a claim regarding her claim of fraud because she fails to allege specific accounts of misrepresentation. Further, plaintiff's claims are barred by res judicata, plaintiff's IIED claim cannot be brought against DOE defendants since an IIED claim cannot be brought against the government and her pleadings were deficient, , plaintiff abandoned her breach of contract claim against DOE defendants and the remaining claims do not pertain to DOE defendants.

As such, and for the reasons set forth in DOE defendants' original papers, DOE defendants' motion to dismiss should be granted in its entirety.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CONSTITUTIONAL RIGHTS AND DUE PROCESS CLAIMS MUST BE DENIED DUE TO A LACK OF NON-CONCLUSORY ALLEGATIONS.

Plaintiff alleges claims under the First, Fourth, Fifth, and Fourteenth Amendments, all enforced through 42 U.S.C. §1983. See SAC at 12-14. In her opposition papers, she focuses on her argument that the statements regarding her Constitutional rights claim made in DOE Def. Mem. are false, but she fails to differentiate the case at bar with the cases DOE defendants cited in support of their position. See Pl. Opp. at 6. Specifically, plaintiff acknowledges that the DOE defendants pointed to cases holding that, before disciplinary charges can be imposed on a teacher, "'there is no longer a requirement to have a majority vote of the board of education due to the later-enacted Education Law § 2590 that vested authority in the Chancellor.'" Pl. Opp., at 6 (citing and quoting DOE Def. Mem., at 6-7) (which itself cited cases Giscombe v. New York City Dep't of Ed., 2014 N.Y. Misc. LEXIS 2674, at *10 (Sup. Ct. N.Y. Co. 2014); Matter of Springer v. Bd. of Educ. Of the City Sch. Dist. of the City of N.Y., 27 N.Y.3d 102, 106 (2016)). Plaintiff never directly addressed the cases cited by the DOE, and instead makes the self-serving conclusory allegation that, "[t]hese statements [by the DOE defendants] are false." See Pl. Opp. at 6.

Plaintiff spends nine pages on her brief arguing that the full Department of Education had to determine probable cause in an Executive Session, and relies on a single case, Rosalie Cardinale

v. The New York City Department of Education, 85165/2017 (Sup. Ct. Richmond Cnty. 2018),[1] in purported support. First, as noted by co-defendant UFT in its moving brief ("UFT Mem.,"), the Cardinale decision is an outlier and has been specifically deemed "unpersuasive" by a Southern District Court.  UFT Mem., at 12 (citing Green v. Dep't of Educ. of N.Y.C., 2019 BL 283105, *11 (S.D.N.Y. July 31, 2019)).  Moreover, Cardinale is distinguishable from the case at bar, because here the DOE defendants provided the delegation letter that transferred duties. Compare DOE defendants' Exh. C with Cardinale, at 8 (noting that in that case there was no evidence of a delegation of authority). In sum, plaintiff's exclusive reliance on Cardinale as supporting caselaw is woefully misplaced.

It need only be added that, to the extent plaintiff seeks to impose liability for alleged Constitutional failures on the DOE defendants, she has failed to support her claim with reference to a pattern or practice by the DOE defendants of violating such provisions.  Rivera v. Bd. of Educ., 2020 U.S. Dist. LEXIS 239633 (S.D.N.Y. Dec. 21, 2020).

## POINT II

### PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM.

Plaintiff's stigma plus claim is based on her unsupported contention that the DOE defendants externally published information about her termination. See SAC at ¶ 73; Pl. Opp., at 15. As discussed immediately below, the cases plaintiff cited in purported of this claim in her opposition do not support her position.

Plaintiff's Opposition claims that a Second Circuit held a plaintiff was entitled to a name clearing hearing. See Pl. Opp. at 18 (citing Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96

---

[1] As plaintiff admitted, this case is being appealed. See Pl. Opp., at 10.

3

F.3d 623 (2d Cir. 1996)). Plaintiff, however, ignores the <u>Donato</u> Court's reasoning that "[s]tigmatizing statements by the government about an employee upon her discharge only implicate a liberty interest when there is also public disclosure." <u>Donato</u>, 96 F.3d at 631. "[W]hen a government employee is dismissed for stigmatizing reasons that seriously imperil the opportunity to acquire future employment, the employee is entitled to 'an opportunity to refute the charge.'" <u>Donato</u>, 96 F.3d 623, 633 (internal citations omitted).

Importantly, moreover, here plaintiff was already provided opportunities to clear her name including a full evidentiary hearing under New York State Education Law § 3020-a and plaintiff's Article 75 proceeding challenging the hearing officer's decision. <u>See</u> Exh. A.; DOE Def. Mem., at 12, 13. Therefore, she is not entitled to a name-clearing hearing. <u>See</u> <u>Rausa v. Bd. of Educ.</u>, 2012 U.S. Dist. LEXIS 38652, *30 (N.D.N.Y. Mar. 21, 2012) (plaintiff not entitled to a name clearing hearing when she had the opportunity to have a § 3020-a hearing and Article 78 proceeding). Plaintiff failed to address this assertion in her opposition and caselaw supports dismissal on this basis. <u>See</u> <u>e.g.</u>, <u>Wilkov v. Ameriprise Fin. Servs.</u>, 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims).

Plaintiff also cites to <u>Knox v. N.Y.C. DOE</u> and suggests that the Court there held that dissemination was not required, Pl. Opp., at 19, but plaintiff fails to acknowledge that in <u>Knox</u>, dissemination did occur. <u>Knox v. N.Y.C. Dep't of Educ.</u>, 85 A.D.3d 439, (App. Div. 1st Dept. 2011).[2] In the case at bar, plaintiff failed to allege – other than in purely conclusory fashion – that dissemination occurred. <u>Compare</u> DOE Def. Mem., at 12 with Pl. Opp. at 15. In plaintiff's

---

[2] Plaintiff makes conclusory claims that false statements have been made but at no point explains how DOE's record that plaintiff was terminated was false. <u>See</u> Pl. Opp. at 21. Additionally, plaintiff does admit she was terminated. <u>See</u> <u>generally</u> SAC, Pl. Opp.

opposition, plaintiff failed to defend her bald claim in the Second Amended Complaint that the list was published to the press, even though the DOE had pointed this flaw out in its memorandum. See DOE Def. Mem., at 12. Plaintiff did reallege that the list was sent to the FBI and additionally alleges for the first time that the list was sent to the New York State Division of Criminal Justice Services. See Pl. Opp. at 15. Plaintiff fails to provide any details, or even produce any factual allegations supporting her conclusory statements. As the DOE defendants noted in our moving papers on this point, "bald assertions and conclusory statements are insufficient at the pleading stage." DOE Def. Mem., at 12 (citing Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006)).

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM OF FRAUD.

Plaintiff makes a conclusory statement that, "her arguments herein are wrought with specific accounts of the false material representations," but fails to provide specifics with respect to any arguments she made in her Second Amended Complaint and additionally fails to list any of the alleged "specific accounts." See Pl. Opp. at 25. Her sole argument with respect to her fraud claim in her opposition seems to focus on her self-serving allegation that her prior attorney stifled the argument she, apparently on the basis of the Cardinale decision, wanted to make. Pl. Opp., at 25; see Pl. Opp., at 3, 22-23 (further discussing this theory). See also supra, at 3. (discussing the inapplicability of Cardinale to this case). Therefore, plaintiff's fraud claim should be dismissed due to failure to state a claim.

## POINT IV

### PLAINTIFF FAILS TO ADDRESS THAT HER CLAIMS ARE BARRED BY RES JUDICATA.

While plaintiff never argued the Constitutional rights issue in her 3020-a arbitration and her Article 75 petition, plaintiff could have and chose not to. Plaintiff's opposition solely addresses collateral estoppel but does not address res judicata. See Pl. Opp. at 26-28. As noted in the UFT defendant's Motion to Dismiss, the factual findings resulting from Education Law 3020-a hearings, and confirmed by the Supreme Court in the Article 75 proceeding, are entitled to preclusive effect. See UFT Mem., at 23 (citing Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 311 (2d Cir. 2005)). See also Univ. of Tenn. v. Elliott, 478 U.S. 788, 106 S. Ct. 3220 (1986).

## POINT V

### PLAINTIFF OFFERS NO SUPPORT FOR HER ARGUMENT THAT SHE STATES A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

In plaintiff's opposition, plaintiff mentions her claim of intentional infliction of emotional distress ("IIED") with two sentences, not citing any law and not responding to DOE defendants' assertion that such a claim cannot be brought against the government, and that plaintiff's pleadings were deficient. Compare DOE Def. Mem., at 8 with Pl. Opp. at 17.

Plaintiff's failure to respond adequately as outlined above provides the Court with an additional basis to dismiss these claims, namely that they have been abandoned. Caselaw supports dismissal on this basis. See supra at 4, see e.g., Wilkov v. Ameriprise Fin. Servs., 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims); see Ross v. Port Chester Hous. Auth., 2019 U.S. Dist. LEXIS

6

168768, at 19 (S.D.N.Y. 2019) (plaintiff abandoned his claims by failing to oppose or rebut that branch of defendants' motion which was to dismiss it); <u>Lipton v. Cnty. of Orange, N.Y.</u>, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)  ("[Courts] may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments.").

## POINT VI

### PLAINTIFF ABANDONED HER BREACH OF CONTRACT CLAIM AGAINST DOE DEFENDANTS.

Plaintiff abandoned her breach of contract claim against DOE defendants because the only mention of breach of contract in her opposition was specifically directed at the UFT defendant. <u>See</u> Pl. Opp. at 7 and 8, <u>see</u> <u>also</u> DOE Def. Mem., at 9. Plaintiff's failure to respond supports dismissal of the claim. <u>See</u> supra at 4, 6, and 7.

7

## <u>CONCLUSION</u>

For the foregoing reasons, and for those provided in defendants' opening brief, DOE defendants respectfully request that their Motion to Dismiss the Second Amended Complaint be granted, that the Second Amended Complaint be dismissed, that the relief requested in the Second Amended Complaint denied in all respects, that judgment be entered for DOE defendants, and that DOE defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 30, 2021

                                                  **GEORGIA M. PESTANA**
                                                  Corporation Counsel of the
                                                   City of New York
                                                  Attorney for DOE Defendants
                                                  100 Church Street, Room 2-122
                                                  New York, New York 10007-2601
                                                  (212) 356-3574

                                    By:     /s/  *Lauren A. Rosenfeld*
                                                    Lauren A. Rosenfeld
                                                  Assistant Corporation Counsel