UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA ALTERESCU,

                    Plaintiff,

          -v.-

NEW YORK CITY DEPARTMENT OF
EDUCATION, RICHARD CARRANZA, and
UNITED FEDERATION OF TEACHERS,

                    Defendants.

21 Civ. 925 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 25, 2022, Plaintiff filed a *pro se* motion for extension of time to file a notice of appeal in this case (Dkt. #37), and a motion for leave to proceed *in forma pauperis* ("IFP") on appeal (Dkt. #38).  Plaintiff's stated reason for failing to timely appeal is that "[t]he lawyer on the case did not inform [her] of the decision in a timely fashion."  (Dkt. #37).  However, Plaintiff's lawyer, D. Christopher Mason, filed a letter on the docket in this case on November 3, 2022, explaining that his office had in fact transmitted the Court's decision to Plaintiff on August 24, 2022, the day after its issuance.  (Dkt. #41).  Following counsel's November 3, 2022 letter, the Court also received letter responses from Defendants in this case, opposing Plaintiff's motion, and arguing that Plaintiff has failed to show excusable neglect.  (Dkt. #42-43).

The judgment in this case was entered on August 26, 2022.  (Dkt. #36).  As such, Plaintiff was beyond the 30-day time limit set by Federal Rule of Appellate Procedure 4(a)(1) to appeal the Court's decision when she filed her motion for an extension of time to file a notice of appeal, but within the time

limit set to file a motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5)(A).  Because Plaintiff has filed her motion for an extension within 30 days after the time prescribed by Rule 4(a) expired, she must show "excusable neglect or good cause."  *See* Fed. R. App. P. 4(a)(5)(A)(ii).

The good cause and excusable neglect standards under Federal Rule of Appellate Procedure 4(a)(5) have "different domains" and are "not interchangeable."  Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments (internal citation omitted).  "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant."  *Id.*  The "good cause" standard, in contrast, "applies in situations in which there is no fault — excusable or otherwise," such as when "the Postal Service fails to deliver a notice to appeal."  *Id.*  Because Plaintiff claims that her attorney failed to promptly notify her of the Court's decision, the excusable neglect standard applies.  *See, e.g.*, *Weiming Chen* v. *Ying-Jeou Ma*, No. 12 Civ. 5232 (NRB), 2014 WL 171172, at *2 (S.D.N.Y. Jan. 10, 2014) ("Here we find that the failure by plaintiff's counsel to both regularly monitor the docket sheet and properly manage his email account is inexcusable attorney error, the consequences of which must be borne by plaintiff.").

"The burden of proving excusable neglect lies with the late-claimant."  *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (internal citation omitted).  To assess whether a moving party has shown excusable neglect, the Second Circuit has adopted the test announced by the Supreme Court in *Pioneer*

*Investment Services Company* v. *Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993):

> [i] the danger of prejudice to the [non-movant], [ii] the length of the delay and its potential impact on judicial proceedings, [iii] the reason for the delay, including whether it was within the reasonable control of the movant, and [iv] whether the movant acted in good faith.

*Alexander* v. *Saul*, 5 F.4th 139, 148 (2d Cir. 2021) (quoting *Pioneer*, 507 U.S. at 395), *cert. denied sub nom. Alexander* v. *Kijakazi*, 142 S. Ct. 1461 (2022).  The Second Circuit has "taken a hard line" in applying this test, and has noted that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose."  *In re Enron Corp.*, 419 F.3d at 122-23.  In clarifying the *Pioneer* factors, the Second Circuit has further noted that "[a]ffording dispositive weight to [the third] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor."  *Alexander*, 5 F.4th at 149 (citing *Dixon* v. *New York*, 737 F. App'x 46, 48 (2d Cir. 2018) (summary order); *Shumsker* v. *Citigroup Glob. Mkts. Inc.*, 569 F. App'x 16, 18 (2d Cir. 2014) (summary order); *In re Enron Corp.*, 419 F.3d at 123; *Williams* v. *KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 418 (2d Cir. 2004)).

Plaintiff has failed to carry her heavy burden of showing excusable neglect here.  Even crediting Plaintiff's explanation for her failure here — that her lawyer did not timely notify her of the decision in this case — "[a]bsent extraordinary circumstances, counsel's mere miscommunication with its client regarding the client's intentions to pursue objections or preserve its right to

appeal is not sufficient to establish excusable neglect." *United States for use & benefit of Five Star Elec. Corp.* v. *Liberty Mut. Ins. Co.*, No. 15 Civ. 4961 (LTS) (JLC), 2021 WL 1948487, at *4 (S.D.N.Y. May 13, 2021) (collecting cases); *Jin* v. *Metro. Life Ins. Co.*, No. 95 Civ. 4427 (DFE), 2003 WL 21436211, at *6 (S.D.N.Y. June 20, 2003) (denying motion for an extension of time to file a notice of appeal premised on communications between attorney and client, and discussing cases standing for the proposition that attorney conduct is ordinarily imputed to the client), *aff'd*, 88 F. App'x 456 (2d Cir. 2004) (summary order).  Likewise, a movant's failure to receive notice of a decision due to her failure to provide an attorney with updated contact information or otherwise communicate with the attorney does not constitute excusable neglect.  *See, e.g.*, *Alexander*, 5 F.4th at 150 (finding movant failed to show excusable neglect where she claimed she did not receive actual notice of decision due to moving because movant failed to update attorney on new address).  As such, crediting Plaintiff's stated excuse does not constitute excusable neglect, and is a sufficient reason to deny Plaintiff's motion for an extension of time to file a notice of appeal.

Moreover, Plaintiff's stated reason for failing to timely appeal is at odds with the record.  As noted, Plaintiff's attorney filed proof that he promptly notified Plaintiff of the Court's decision by email on August 24, 2022.  (Dkt. #41).  In such circumstance, the Court easily concludes that Plaintiff has entirely failed to show excusable neglect.  *See, e.g.*, *In re Todd*, No. 15-11083, 2020 WL 2843023, at *2 (Bankr. N.D.N.Y. May 29, 2020) (finding that if

4

"receiving notice one day after an order is entered constitutes excusable neglect, then almost all *pro se* debtors could establish excusable neglect").

Accordingly, Plaintiff's *pro se* motion for an extension of time to file a notice of appeal of this Court's decision is **DENIED**.  Because the Court denies Plaintiff's motion for an extension of time, her motion for leave to proceed IFP on appeal is also **DENIED**.  *See, e.g.*, *Bradshaw* v. *City of New York*, No. 18 Civ. 8944 (GBD), 2019 WL 6997969, at *3 (S.D.N.Y. Dec. 20, 2019) (first denying motion for an extension of time to appeal, then denying IFP motion).  The Clerk of Court is directed to terminate the motions at docket entries 37 and 38.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444- 45 (1962).  Finally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff at the following address: 45 Hilden Street, Kings Park, New York 11754.

SO ORDERED.

Dated:     November 29, 2022
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge