**Felicia A. Alterescu**
45 Hilden Ave
Kings Park, NY 11754

January 10, 2023

The Hon. Katherine Polk Failla
United States District Judge
United States District Court
Court of Appeals – 2nd Circuit
Southern District of New York
Case 0208-1:21-cv-00925-KPF  Document: 44  Docket: 22-2824
Felicia Alterescu v New York City Department of Education



Your Honor:

I respectfully request re-consideration of your decision filed 11/29/22 rejecting of my *pro se* motion for extension of time to file a notice of my appeal in my case against the New York City Department of Education, Richard Carranza and United Federation of Teachers.

You based your decision on misinformation provided to the Court by my former attorney, Christopher Mason, concerning his claim of timely notification. While I could provide the Court dated proof of the continued use of my proper email address, I do have a recording of his freelance paralegal, Betsy Combier, telling me that me that Mr. Mason said to "blame him" when I put in my appeal that "he had not sent it to the correct email so he had not notified me in a timely manner."

It appears, however, that Mr. Mason mislead the Court when it questioned him about this matter when he stated that timely transmission had in fact been made on the day after its issuance (As Ms Combier said, "he's not gonna lose his law license over it").

Ms. Combier, who was responsible for funneling my case to Mr. Mason, also bears responsibility for my lack of timely notification. Again, on the recording, she states that after she emailed the Court's decision—again to the wrong email address—she failed to follow up with me because she, "... thought that you were discouraged by it, and decided to hell with it."

As I understand the cites in the Court's decision, I think that the above facts are sufficient to prove excusable neglect. Mr. Mason and Ms. Combier both admit the email mistake was theirs and the cause of my late appeal. I respectfully request that the Court vacate its decision and allow the extension of time requested for my appeal.

Thank you for your time and consideration,

*Felicia Alterescu*
Felicia A. Alterescu

7021 2720 0002 1596 5142

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of NY
United States Court of Appeals - 2nd Circuit
Foley Square
New York NY 10007

U.S. POSTAGE PAID
FCM LETTER
KINGS PARK, NY
11754
JAN 19, 23
$4.00
R2305K141141-08

USM SDNY

10007-1501

On January 25, 2023, the Court received the above motion for reconsideration (Dkt. #45) of its Order of November 29, 2022, denying Plaintiff's motion for an extension of time to file a notice of appeal and denying Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. #44). Although Plaintiff's letter motion for reconsideration is dated January 10, 2023, it is postmarked January 19, 2023.  (Dkt. #45).

"The standards governing a motion to alter or amend a judgment under Rule 59(e) [of the Federal Rules of Civil Procedure] and a motion for reconsideration under Local Civil Rule 6.3 are the same." *Singleton* v. *New York*, No. 20 Civ. 4686 (LLS), 2020 WL 6075530, at *2 (S.D.N.Y. Oct. 14, 2020)(citing *R.F.M.A.S., Inc.* v. *Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009)). "Motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2018 WL 3632520, at *1 (S.D.N.Y. July 30, 2018) (quoting *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). As such, the party seeking reconsideration generally must point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted).

As an initial matter, Plaintiff's motion for reconsideration is untimely under either Rule 59 or Local Civil Rule 6.3.  Federal Rule of Civil Procedure 59(e) requires that a party bring a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The Court entered its Order that is the subject of this motion for reconsideration on November 29, 2022.  The Order was mailed to Plaintiff the following day.  Thus, under any of the two potential dates relevant to this motion — the date Plaintiff dated her letter or the date the letter is postmarked — this motion is untimely.  Indeed, 28 days following the mailing of the Court's Order to Plaintiff is December 28, 2022; even liberally considering the amount of time it would take for the Order to be received by Plaintiff, this motion for reconsideration would be late under either the January 10, 2023 date of the letter or the January 19, 2023 postmarked date.

Even if the motion for reconsideration were timely, Plaintiff has not pointed the Court to facts or controlling law that it overlooked in its November 29, 2022 Order.  Plaintiff's stated reason for missing her deadline to file a notice of appeal was that "[t]he lawyer on the case did not inform me of the decision in a timely fashion."  (Dkt. #37).  Plaintiff never suggested that her lawyer had an incorrect email address, and the only information before the Court when it rendered its November 29, 2022 decision was a letter from Christopher Mason with an attached email, suggesting that Plaintiff was indeed timely notified of the Court's August 23, 2022 Order and Opinion dismissing this case.  (Dkt. #41).

Plaintiff now asserts that her lawyer had the incorrect email address, and offers a variety of hearsay statements to conjure up excusable neglect for her failure to timely appeal. These facts were not previously before the Court, and "a party cannot offer new facts in support of a motion for reconsideration; the parties are usually limited to the record created on the underlying motion." *Sea Trade Mar. Corp.* v. *Coutsodontis*, No. 09 Civ. 488 (LGS) (HBP), 2014 WL 3859114, at *1 (S.D.N.Y. July 30, 2014). Even crediting these new facts, there would be no excusable neglect here. Indeed, as the Court explained in its November 29, 2022 Order, "[a]bsent extraordinary circumstances, counsel's mere miscommunication with its client regarding the client's intentions to pursue objections or preserve its right to appeal is not sufficient to establish excusable neglect." (Dkt. #44 at 3-4 (quoting *United States for use & benefit of Five Star Elec. Corp.* v. *Liberty Mut. Ins. Co.*, No. 15 Civ. 4961 (LTS) (JLC), 2021 WL 1948487, at *4 (S.D.N.Y. May 13, 2021)) (additional citations omitted)). Moreover, "a movant's failure to receive notice of a decision due to her failure to provide an attorney with updated contact information or otherwise communicate with the attorney does not constitute excusable neglect." (Dkt. #44 at 4 (citing *Alexander* v. *Saul*, 5 F.4th 139, 150 (2d Cir. 2021)).

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate the pending motion at docket entry 45, and to mail a copy of this Order to Plaintiff at the following address: 45 Hilden Street, Kings Park, New York 11754.

Dated:  January 26, 2023
        New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE